APPEAL,CASREF,CONSOL,IFP,JURY,PROSE−NP,TYPE−F

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: <u>1:21−cv−02674−JMC</u>
### *Internal Use Only*

AMAALA JONES−BEY v. DISTRICT OF COLUMBIA

Assigned to: Judge Jia M. Cobb

Referred to: Magistrate Judge G. Michael Harvey (Settlement)

  Cases:  1:21−cv−02785−JMC

              1:22−cv−00551−JMC

              1:21−cv−02673−JMC

 Case in other court:  USCA, 24−07122

                  USCA, 24−07123

Cause: 42:1983 Civil Rights Act

Date Filed: 10/12/2021

Jury Demand: Defendant

Nature of Suit: 440 Civil Rights: Other

Jurisdiction: U.S. Government Defendant

**<u>Plaintiff</u>**

**KAREN HYLTON**

represented by **Charles Lewis Gerstein**
GERSTEIN HARROW LLP
1001 G Street NW
Suite 400e
Washington, DC 20001
202−670−4809
Email: charlie@gerstein−harrow.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David L. Shurtz**
DAVID L. SHURTZ, ATTORNEY AT LAW
1200 N Nash St.
Suite 835
Arlington, VA 22209
(202) 617−9141
Fax: (703) 525−0720
Email: dshurtz103@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason Seth Harrow**
GERSTEIN HARROW LLP
12100 Wilshire Blvd. Ste. 800
Los Angeles, CA 90025
323−744−5293
Email: jason@gerstein−harrow.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph P. Caleb**

CALEB ANDONIAN, PLLC
1100 H Street NW
Suite 315
Washington, DC 20005
(202) 953−9849
Fax: (202) 217−4100
Email: joe@calebandonian.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AMAALA JONES−BEY**                          represented by   **David L. Shurtz**
*21cv2785 − Next Friend and Mother of*                         (See above for address)
*Daughter Z.J.−B. Individually and soon*                       *ATTORNEY TO BE NOTICED*
*to be Personal Representative and*
*Administrator of the Estate of Karon*
*Hylton*

V.

**Defendant**

**MURIEL BOWSER**                             represented by   **Katrina Marie Seeman**
*Mayor*                                                        OFFICE OF THE ATTORNEY
*TERMINATED: 01/13/2022*                                       GENERAL FOR THE DISTRICT OF
                                                              COLUMBIA
                                                              Civil Litigation Division
                                                              400 6th Street, NW
                                                              Washington, DC 20001
                                                              (202) 724−6607
                                                              Fax: (202) 724−5917
                                                              Email: katrina.m.seeman@usdoj.gov
                                                              *TERMINATED: 06/28/2024*
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**DISTRICT OF COLUMBIA**                      represented by   **James Arland Wiley**
                                                              OFFICE OF THE ATTORNEY
                                                              GENERAL FOR THE DISTRICT OF
                                                              COLUMBIA
                                                              400 6th Street NW
                                                              Washington, DC 20001
                                                              202−735−7564
                                                              Fax: 202−715−7715
                                                              Email: jim.wiley@dc.gov
                                                              *TERMINATED: 01/13/2023*
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Katrina Marie Seeman**

(See above for address)
*TERMINATED: 06/28/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eli Koppel**
OFFICE OF THE ATTORNEY
GENERAL FOR THE DISTRICT OF
COLUMBIA
400 6th Street NW
Suite 10100
Washington, DC 20001
202−724−7316
Fax: 202−741−8899
Email: eli.koppel@dc.gov
*ATTORNEY TO BE NOTICED*

**Elise Levy**
D.C. OFFICE OF THE ATTORNEY
GENERAL
Civil Litigation Division
400 6th St. NW
Washington, DC 20001
202−549−0030
Email: elise.levy@dc.gov
*ATTORNEY TO BE NOTICED*

**Margaret Ulle**
400 6th Street NW
Washington, DC 20001
202−826−5454
Email: margaret.ulle@dc.gov
*TERMINATED: 05/19/2022*

**Robert A. DeBerardinis , Jr.**
OFFICE OF THE ATTORNEY
GENERAL/DC
400 6th Street, NW
Washington, DC 20001
202−724−6642
Fax: 202−741−8895
Email: robert.deberardinis@dc.gov
*TERMINATED: 05/02/2024*
*ATTORNEY TO BE NOTICED*

**Defendant**

**METROPOLITAN POLICE**                    represented by    **Katrina Marie Seeman**
**DEPARTMENT**                                               (See above for address)
*TERMINATED: 01/13/2022*                                     *TERMINATED: 06/28/2024*
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

3

**Defendant**

**TERRENCE SUTTON**
*Officer*

represented by **Daniel S. Crowley**
CROWLEY SO, LLP
1800 M Street NW
Washington, DC 20036
202−232−1907
Fax: 202−232−3704
Email: dcrowley@crowleyso.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katelyn Clarke**
1800 M St., NW
Suite 850s
Washington, DC 20036
202−204−6249
Email: kclarke@crowleyso.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**CARLOS TEJERA**
*Officer*

represented by **James Arland Wiley**
(See above for address)
*TERMINATED: 01/13/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katrina Marie Seeman**
(See above for address)
*TERMINATED: 06/28/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eli Koppel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elise Levy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert A. DeBerardinis , Jr.**
(See above for address)
*TERMINATED: 05/02/2024*
*ATTORNEY TO BE NOTICED*

**Defendant**

**AHMED AL−SHRAWI**

represented by **James Arland Wiley**
(See above for address)
*TERMINATED: 01/13/2023*
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Katrina Marie Seeman**
(See above for address)
*TERMINATED: 06/28/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eli Koppel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elise Levy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert A. DeBerardinis , Jr.**
(See above for address)
*TERMINATED: 05/02/2024*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CORY NOVICK**                          represented by  **James Arland Wiley**
                                         (See above for address)
                                         *TERMINATED: 01/13/2023*
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **Katrina Marie Seeman**
                                         (See above for address)
                                         *TERMINATED: 06/28/2024*
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **Eli Koppel**
                                         (See above for address)
                                         *ATTORNEY TO BE NOTICED*

                                         **Elise Levy**
                                         (See above for address)
                                         *ATTORNEY TO BE NOTICED*

                                         **Robert A. DeBerardinis , Jr.**
                                         (See above for address)
                                         *TERMINATED: 05/02/2024*
                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**ANDREW ZABAVSKY**                      represented by  **Christopher A. Zampogna**
                                         ZAMPOGNA PC
                                         2101 L Street, NW

Suite 300
Washington, DC 20037
202−223−6635
Fax: 202−803−7988
Email: caz@zampognalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Abraham Bluestone**
ZAMPOGNA, P.C.
2101 L St NW
Ste 300
Washington, DC 20037
202−223−6635
Email: ab@zampognalaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**PETER NEWSHAM**
*Chief*
*TERMINATED: 01/13/2022*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/12/2021 | | **Initiating Pleading & IFP Application Received on 10/12/2021.** A copy of the docket sheet has been mailed to the address of record for the pro se party. (znmg) (Entered: 10/26/2021) |
| 10/12/2021 | 1 | COMPLAINT against All Defendants filed by KAREN HYLTON.(znmg) (Entered: 10/26/2021) |
| 10/12/2021 | 2 | MOTION for Leave to Proceed in forma pauperis by KAREN HYLTON. (znmg) (Entered: 10/26/2021) |
| 11/04/2021 | 3 | ORDER granting 2 Motion for Leave to Proceed in forma pauperis; FURTHER ORDERED that within 30 days of entry of this order, plaintiff shall file an amended complaint as specified in order; see Order for full details. Signed by Judge Colleen Kollar−Kotelly on 11/4/2021. (ztnr) (Entered: 11/30/2021) |
| 12/27/2021 | 4 | AMENDED COMPLAINT against All Defendants filed by KAREN HYLTON. "LEAVE TO FILE GRANTED" Signed by Judge Colleen Kollar−Kotelly on 12/27/2021.(znmg) (Entered: 12/30/2021) |
| 01/13/2022 | 5 | ORDER− "ORDERED that Muriel Bowser, Metropolitan Police Department, Terrence Sutton, Carlos Tejera, Almed Al−Sahrawi, Cory Novici, Andrew Zabawsky, and Peter Newsham are DISMISSED WITHOUT PREJUDICE as party defendants. It isFURTHER ORDERED that, pursuant to Local Civil Rule 40.5(a)(3), the Clerk of Court shall assign this case to Judge Jia M. Cobb as related to Hylton v. Bowser, No. 21cv2673." (See Order for details) Signed by Judge Tanya S. Chutkan on 01/13/2022. (znmg) (Entered: 01/19/2022) |
| 01/13/2022 | | Case Assigned to Judge Jia M. Cobb. Unassigned is no longer assigned to the case. (znmg) (Entered: 01/19/2022) |

| 01/31/2022 | | MINUTE ORDER: Pursuant to 28 U.S.C. § 1915(d), the Clerk of the Court shall prepare and issue a summons to the District of Columbia and coordinate with the U.S. Marshals Service to effect proper service of the summons and the Amended Complaint 4 upon the District of Columbia. SO ORDERED. Signed by Judge Jia M. Cobb on 1/31/2022.(psu1) (Entered: 01/31/2022) |
|---|---|---|
| 02/04/2022 | 6 | SUMMONS (2) Issued as to DISTRICT OF COLUMBIA, District of Columbia Attorney General, and the District of Columbia Mayor sent to the U.S. Marshals Service. (znmg) (Entered: 02/04/2022) |
| 02/17/2022 | 7 | NOTICE of Appearance by Katrina Marie Seeman on behalf of DISTRICT OF COLUMBIA (Seeman, Katrina) (Entered: 02/17/2022) |
| 02/25/2022 | 8 | NOTICE of Appearance by Margaret Ulle on behalf of DISTRICT OF COLUMBIA (Ulle, Margaret) (Entered: 02/25/2022) |
| 03/01/2022 | 9 | NOTICE of Appearance by Robert A. DeBerardinis, Jr on behalf of DISTRICT OF COLUMBIA (DeBerardinis, Robert) (Entered: 03/01/2022) |
| 03/04/2022 | 10 | MOTION for Extension of Time to File Answer by DISTRICT OF COLUMBIA. (Seeman, Katrina) (Entered: 03/04/2022) |
| 03/07/2022 | | MINUTE ORDER granting 10 Motion for Extension of Time to Answer: For the reasons stated in Defendant's Motion, the Court ORDERS that the motion is GRANTED. Defendant must answer or otherwise respond to Plaintiff's Amended Complaint by March 21, 2022. Signed by Judge Jia M. Cobb on March 7, 2022. (lcjmc2) (Entered: 03/07/2022) |
| 03/08/2022 | 11 | Consent MOTION to Consolidate Cases by DISTRICT OF COLUMBIA. (Seeman, Katrina) (Entered: 03/08/2022) |
| 03/09/2022 | | MINUTE ORDER granting 11 Motion to Consolidate Cases: Upon consideration of Defendant's Consent Motion to Consolidate, the Court ORDERS that the Motion is GRANTED. It is further ORDERED that *Karen Hylton v. Muriel Bowser, et al.*, Civil Action No. 21−2674, is consolidated with *Karen Hylton v. District of Columbia, et al.*, Civil Action No. 22−551. Signed by Judge Jia M. Cobb on March 9, 2022. (lcjmc2) (Entered: 03/09/2022) |
| 03/09/2022 | | MINUTE ORDER: Pursuant to the Minute Order entered earlier today consolidating cases, the Parties are directed to make all future filings in this case, Civil Action No. 21−2674. The Court further directs the Clerk to close Civil Action No. 22−551. Signed by Judge Jia M. Cobb on March 9, 2022. (lcjmc2) (Entered: 03/09/2022) |
| 03/11/2022 | | Cases Consolidated. Case 22cv551 has been consolidated with case 21cv2674, pursuant to an Order entered 03/09/2022. From this date forward, all pleadings shall be filed ONLY in the lead/earlier case, Civil Action No. 21−2674 (zjf) (Entered: 03/11/2022) |
| 03/18/2022 | 14 | MOTION to Appoint Counsel by KAREN HYLTON. (zjf) (Entered: 03/23/2022) |
| 03/21/2022 | 12 | MOTION to Dismiss by MURIEL BOWSER, DISTRICT OF COLUMBIA, METROPOLITAN POLICE DEPARTMENT. (Attachments: # 1 Exhibit A, Probate Order)(Seeman, Katrina) (Entered: 03/21/2022) |
| 03/21/2022 | 13 | FOX ORDER DIRECTING Plaintiff to respond to Defendant's 12 Motion to Dismiss by April 19, 2022. Failure to respond by that date may result in the Court deeming the |

| | | |
|---|---|---|
| | | matter conceded. See document for details. Signed by Judge Jia M. Cobb on March 21, 2022. (lcjmc2) (Entered: 03/21/2022) |
| 03/21/2022 | | MINUTE ORDER: The Court directs the Parties to appear for a Status Conference on March 31, 2022, at 10:30 AM. The Status Conference will be on the record and conducted via telephone. The Court's Deputy Clerk will provide the information necessary to access the call. Signed by Judge Jia M. Cobb on March 21, 2022. (lcjmc2) (Entered: 03/21/2022) |
| 03/23/2022 | 15 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on the Mayor of the District of Columbia. Date of Service Upon the Mayor for the District of Columbia on 03/23/2022., RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the District of Columbia Attorney General. Date of Service Upon District of Columbia Attorney General 3/11/2022. ( Answer due for ALL D.C. DEFENDANTS by 4/1/2022.) (zjf) (Entered: 03/24/2022) |
| 03/31/2022 | | Minute Entry for Telephonic Status Conference held before Judge Jia M. Cobb on 3/31/2022. Parties to meet and confer and file Joint Status Report by 4/15/2022. ORDER denying as MOOT 14 Motion to Appoint Counsel. Court Reporter Bryan Wayne. (gdf) (Entered: 03/31/2022) |
| 03/31/2022 | 16 | NOTICE of Appearance by Charles Lewis Gerstein on behalf of KAREN HYLTON (Gerstein, Charles) (Entered: 03/31/2022) |
| 04/04/2022 | | MINUTE ORDER: As stated on the record during the Status Conference held March 31, 2022, in this case and the related case 21−cv−2673, the Court ORDERS that, by April 15, 2022, Plaintiff will file in both cases the Parties' joint proposed schedule for either amending the complaints in these cases or responding to Defendant's Motions to Dismiss. Thus, the Court further ORDERS that Plaintiff's previous deadline of April 19, 2022, to respond to Defendant's Motions to Dismiss is hereby VACATED. Signed by Judge Jia M. Cobb on April 4, 2022. (lcjmc2) (Entered: 04/04/2022) |
| 04/14/2022 | 17 | NOTICE of Proposed Schedule by KAREN HYLTON (Gerstein, Charles) (Entered: 04/14/2022) |
| 04/19/2022 | 18 | MOTION to Consolidate Cases by KAREN HYLTON. (Attachments: # 1 Text of Proposed Order)(Gerstein, Charles) (Entered: 04/19/2022) |
| 04/19/2022 | 19 | NOTICE of Appearance by Jason Seth Harrow on behalf of KAREN HYLTON (Harrow, Jason) (Entered: 04/19/2022) |
| 04/20/2022 | 20 | Third Party MOTION to Intervene by Amaala Jones−Bey, AMAALA JONES−BEY. (Attachments: # 1 USCA Order)(Shurtz, David) (Entered: 04/20/2022) |
| 04/20/2022 | 21 | PENDING AS PREMATURE FILING AS TO DE# 20 .....Third Party MOTION for Sanctions *against Gernstein and Harrow* by Amaala Jones−Bey. (Attachments: # 1 Memorandum in Support, # 2 Exhibit Letters of Administration, # 3 USCA Order Order to Disqualify, # 4 Z.J.B Complaint, # 5 Errata Correct Absent Signature)(Shurtz, David) Modified on 4/20/2022 (zjf). (Entered: 04/20/2022) |
| 04/21/2022 | 22 | Memorandum in opposition to re 21 Third Party MOTION for Sanctions *against Gernstein and Harrow*, 20 Third Party MOTION to Intervene filed by KAREN HYLTON. (Attachments: # 1 Text of Proposed Order)(Gerstein, Charles) (Entered: 04/21/2022) |
| 04/21/2022 | 23 | |

| | | |
|---|---|---|
| | | CERTIFICATE OF SERVICE by KAREN HYLTON re 22 Memorandum in Opposition, *and Proposed Order, served First−Class Mail and Email*. (Harrow, Jason) (Entered: 04/21/2022) |
| 04/22/2022 | | MINUTE ORDER: The Court ORDERS the Parties, as well as the proposed Intervenor in this case, to appear for a Status Conference on April 28, 2022, at 9:30 AM. The conference will concern the motions recently filed on the docket in this case, as well as any related scheduling matters. The conference will be on the record and conducted via video. The Court's Deputy Clerk will provide the information necessary to access the conference. Signed by Judge Jia M. Cobb on April 22, 2022. (lcjmc2) (Entered: 04/22/2022) |
| 04/25/2022 | | MINUTE ORDER denying 21 Third Party Motion for Sanctions: In a filing made today, April 25, 2022, on the docket of related case 21−cv−2785, counsel for proposed Intervenor Jones−Bey stated that he was withdrawing the Motion for Sanctions against Plaintiff's counsel, previously filed on the docket in this case. *See* Civil Action No. 21−2785, ECF 8 at 21. In light of that statement, as well as the Court's conclusion that Plaintiff's counsel has not made any misrepresentations to the Court, the Court ORDERS that the Motion for Sanctions is DENIED. Signed by Judge Jia M. Cobb on April 25, 2022. (lcjmc2) (Entered: 04/25/2022) |
| 04/28/2022 | | Minute Entry for Video Status Conference held before Judge Jia M. Cobb on 4/28/2022: Order forthcoming from Chambers. Court Reporter Lisa Bankins. (smc) (Entered: 04/28/2022) |
| 04/28/2022 | | MINUTE ORDER granting 18 Motion to Consolidate Cases: Upon consideration of Plaintiff Hylton's Motion, and for the reasons stated on the record during the status conference held today, April 28, 2022, the Court ORDERS that the Motion is GRANTED. It is further ORDERED that this case, *Karen Hylton v. Muriel Bowser, et al.*, Civil Action No. 21−2674, is consolidated with related case *Amaala Jones−Bey v. District of Columbia, et al.*, Civil Action No. 21−2785. The Parties are directed to make all future filings in this case, Civil Action No. 21−2674. The Court further directs the Clerk to administratively close Civil Action No. 21−2785. Signed by Judge Jia M. Cobb on April 28, 2022. (lcjmc2) (Entered: 04/28/2022) |
| 04/28/2022 | | MINUTE ORDER denying as moot 20 Motion to Intervene: For the reasons stated on the record during the status conference held today, April 28, 2022, the Court ORDERS that the Motion is DENIED as moot. Signed by Judge Jia M. Cobb on April 28, 2022. (lcjmc2) (Entered: 04/28/2022) |
| 04/28/2022 | | MINUTE ORDER: For the reasons stated on the record during the status conference held today, April 28, 2022, the Court ORDERS that Plaintiff Hylton shall file a Second Amended Complaint by June 10, 2022; that Plaintiff Jones−Bey shall forthwith file an Amended Complaint on the docket in this case and, in keeping with the Court's oral finding of good cause under Federal Rule 4(m), must effect service by June 10, 2022; and that Defendants must answer or otherwise respond to those complaints by August 1, 2022. Signed by Judge Jia M. Cobb on April 28, 2022. (lcjmc2) (Entered: 04/28/2022) |
| 05/03/2022 | | Cases Consolidated. Cases 21−2674 and 21−2785 have been consolidated,pursuant to an Order entered 05/02/2022. From this date forward, all pleadings shall be filed ONLY in the lead/earlier case, Civil Action No. 21−2674. (zjf) (Entered: 05/03/2022) |
| 05/19/2022 | 24 | NOTICE OF WITHDRAWAL OF APPEARANCE as to DISTRICT OF COLUMBIA. Attorney Margaret Ulle terminated. (Ulle, Margaret) (Entered: |

| | | |
|---|---|---|
| | | 05/19/2022) |
| 05/27/2022 | | MINUTE ORDER: During the Status Conference held on April 28, 2022, and by minute order that same day, the Court directed Plaintiff Jones−Bey to file forthwith her Amended Complaint on the docket in this case, and to file proof of service by June 10, 2022. As of yet, Plaintiff Jones−Bey has not filed her Amended Complaint or proof of service. The Court again directs Plaintiff Jones−Bey to file forthwith her Amended Complaint on the docket in this case, and reiterates that the deadline to effect service and file proof of service on the docket in this case is June 10, 2022, which is two weeks from today. Failure to comply may result in dismissal. Signed by Judge Jia M. Cobb on May 27, 2022. (lcjmc2) (Entered: 05/27/2022) |
| 05/27/2022 | | Set/Reset Deadlines: Joint Status Report due by 6/27/2022. (zgdf) (Entered: 05/27/2022) |
| 06/03/2022 | 25 | ENTERED IN ERROR.....COMPLAINT *Amended Complaint* against All Defendants with Jury Demand ( Filing fee $ 402 receipt number ADCDC−9279422) filed by AMAALA JONES−BEY.(Shurtz, David) Modified on 6/3/2022 (zjf). (Entered: 06/03/2022) |
| 06/03/2022 | 26 | AMENDED COMPLAINT against AHMED AL−SHRAWL, DISTRICT OF COLUMBIA, CORY NOVICK, TERRENCE SUTTON, CARLOS TEJERA, ANDREW ZABAVSKY with Jury Demand filed by AMAALA JONES−BEY.(zjf) (Entered: 06/03/2022) |
| 06/05/2022 | 27 | NOTICE *To 05/27/2022 Minute Order* by AMAALA JONES−BEY re Order,, (Shurtz, David) (Entered: 06/05/2022) |
| 06/09/2022 | 28 | MEMORANDUM by KAREN HYLTON. (Gerstein, Charles) (Entered: 06/09/2022) |
| 06/09/2022 | 29 | NOTICE *Regardng Service* by AMAALA JONES−BEY re Order,, (Attachments: # 1 Exhibit Supporting Update)(Shurtz, David) (Entered: 06/09/2022) |
| 06/10/2022 | 30 | NOTICE *21:cv−02674* by AMAALA JONES−BEY (Attachments: # 1 Exhibit Supporting Update)(Shurtz, David) (Entered: 06/10/2022) |
| 06/10/2022 | 31 | NOTICE of Voluntary Dismissal by KAREN HYLTON (Gerstein, Charles) (Entered: 06/10/2022) |
| 06/10/2022 | 32 | MOTION to Intervene *in Jones−Bey v. District of Columbia* by KAREN HYLTON. (Attachments: # 1 Exhibit Karen Hylton's Complaint in Intervention)(Gerstein, Charles) (Entered: 06/10/2022) |
| 06/22/2022 | 33 | Memorandum in opposition to re 32 MOTION to Intervene *in Jones−Bey v. District of Columbia Opposition* filed by AMAALA JONES−BEY. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4)(Shurtz, David) (Entered: 06/22/2022) |
| 06/24/2022 | 34 | Memorandum in opposition to re 32 MOTION to Intervene *in Jones−Bey v. District of Columbia* , 28 MEMORANDUM filed by DISTRICT OF COLUMBIA. (Seeman, Katrina) Modified on 6/24/2022 to add additional docket link (zjf). (Entered: 06/24/2022) |
| 06/24/2022 | | MINUTE ORDER: The Court ORDERS the Parties to appear for a Status Conference on July 7, 2022, at 11:00 AM. The conference will be on the record and conducted via telephone. The Court's Deputy Clerk will provide the information necessary to access |

| | | |
|---|---|---|
| | | the call. The Court plans to address 28 Memorandum by Karen Hylton, as well as Ms. Hylton's 32 Motion to Intervene, and thus instructs that the Parties be prepared to discuss the issues therein. Signed by Judge Jia M. Cobb on June 24, 2022. (lcjmc2) (Entered: 06/24/2022) |
| 06/28/2022 | 35 | NOTICE of Appearance by James Arland Wiley on behalf of DISTRICT OF COLUMBIA (Wiley, James) (Entered: 06/28/2022) |
| 07/01/2022 | 36 | REPLY to opposition to motion re 32 MOTION to Intervene *in Jones−Bey v. District of Columbia* filed by KAREN HYLTON. (Attachments: # 1 Exhibit A Declaration of Charles Gerstein)(Gerstein, Charles) (Entered: 07/01/2022) |
| 07/01/2022 | | MINUTE ORDER: The Court ORDERS that the Status Conference previously scheduled for July 7, 2022, at 11:00 AM, via telephone, is hereby VACATED and rescheduled for July 12, 2022, at 4:00 PM, via telephone. Signed by Judge Jia M. Cobb on July 1, 2022. (lcjmc2) (Entered: 07/01/2022) |
| 07/12/2022 | 37 | REQUEST FOR SUMMONS TO ISSUE filed by KAREN HYLTON. (Attachments: # 1 Supplement Add'l Def, # 2 Supplement Add'l Def, # 3 Supplement Add'l Def, # 4 Supplement Add'l Def, # 5 Supplement Add'l Def)(Harrow, Jason) (Entered: 07/12/2022) |
| 07/12/2022 | | Minute Entry for Telephone Status Conference Proceeding held on 7/12/22 before Judge Jia M. Cobb. Oral Order of the Court directing the Clerk's Office to change the case caption to Amaala Jones−Bey v. District of Columbia et al., with Karen Hylton included in the caption as Plaintiff−Intervenor. Oral Order granting 32 Motion to Intervene; Clerk directed to docket ECF 32−1, Plaintiff−Intervenor Hylton's complaint in intervention. Defendant District of Columbias responsive pleading due August 1, 2022; Plaintiff Jones−Beys opposition due August 22, 2022; Plaintiff−Intervenor Hyltons opposition due September 6, 2022; and Defendant District of Columbias reply due October 6, 2022. Granting oral motion by Plaintiff−Intervenor Hylton for extension of time to effect service, for good cause; deadline for service extended to July 26, 2022. Oral Order denying as moot 12 Motion to Dismiss. (Court Reporter: William Zaremba) (zgdf) (Entered: 07/13/2022) |
| 07/19/2022 | 38 | SUMMONS (6) Issued Electronically as to AHMED AL−SHRAWL, DISTRICT OF COLUMBIA, CORY NOVICK, TERRENCE SUTTON, CARLOS TEJERA, ANDREW ZABAVSKY. (Attachments: # 1 Notice and Consent)(zjf) (Entered: 07/19/2022) |
| 07/29/2022 | 40 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. TERRENCE SUTTON served on 7/28/2022, answer due 8/18/2022 (Harrow, Jason) (Entered: 07/29/2022) |
| 07/29/2022 | 41 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. CORY NOVICK served on 7/27/2022, answer due 8/17/2022 (Harrow, Jason) (Entered: 07/29/2022) |
| 07/29/2022 | 42 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. AHMED AL−SHRAWL served on 7/27/2022, answer due 8/17/2022 (Harrow, Jason) (Entered: 07/29/2022) |
| 07/29/2022 | 43 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. CARLOS TEJERA served on 7/28/2022, answer due 8/18/2022 (Harrow, Jason) (Entered: 07/29/2022) |

| 07/29/2022 | 44 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the District of Columbia Attorney General. Date of Service Upon District of Columbia Attorney General 7/25/2022. Answer due for ALL D.C. DEFENDANTS by 8/15/2022. (Harrow, Jason) (Entered: 07/29/2022) |
| --- | --- | --- |
| 08/01/2022 | 45 | MOTION to Dismiss by DISTRICT OF COLUMBIA. (Attachments: # 1 Exhibit A, Robinson Chart, # 2 Exhibit B, Sterling Compl.)(Seeman, Katrina) (Entered: 08/01/2022) |
| 08/04/2022 | 46 | ORDER granting 39 Motion for Extension of Time to Effect Service on Defendant Andrew Zabavsky; granting 39 Motion for Order Authorizing Service by the United States Marshal: See Order for details. Signed by Judge Jia M. Cobb on August 4, 2022. (lcjmc2) (Entered: 08/04/2022) |
| 08/12/2022 | 47 | TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE PROCEEDINGS before Judge Jia M. Cobb held on July 12, 2022; Page Numbers: 1−48. Date of Issuance: August 12, 2022. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354−3249. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased fr om the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, PDF or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 9/2/2022. Redacted Transcript Deadline set for 9/12/2022. Release of Transcript Restriction set for 11/10/2022.(wz) (Entered: 08/12/2022) |
| 08/12/2022 | 48 | Summons (1) Issued as to ANDREW ZABAVSKY sent to the U.S. Marshals Service. (znmg) (Entered: 08/12/2022) |
| 08/17/2022 | 49 | NOTICE of Appearance by Daniel S. Crowley on behalf of TERRENCE SUTTON (Crowley, Daniel) (Entered: 08/17/2022) |
| 08/17/2022 | 50 | Consent MOTION for Extension of Time to File Answer re 26 Amended Complaint by TERRENCE SUTTON. (Attachments: # 1 Text of Proposed Order)(Crowley, Daniel) (Entered: 08/17/2022) |
| 08/17/2022 | 51 | NOTICE of Appearance by Katrina Marie Seeman on behalf of AHMED AL−SHRAWL, CORY NOVICK, CARLOS TEJERA (Seeman, Katrina) (Entered: 08/17/2022) |
| 08/17/2022 | 52 | NOTICE of Appearance by Robert A. DeBerardinis, Jr on behalf of AHMED AL−SHRAWL, CORY NOVICK, CARLOS TEJERA (DeBerardinis, Robert) (Entered: 08/17/2022) |
| 08/17/2022 | 53 | NOTICE of Appearance by James Arland Wiley on behalf of AHMED AL−SHRAWL, CORY NOVICK, CARLOS TEJERA (Wiley, James) (Entered: |

| | | |
|---|---|---|
| | | 08/17/2022) |
| 08/17/2022 | 54 | NOTICE *of Name Correction* by AHMED AL−SHRAWL (Seeman, Katrina) (Entered: 08/17/2022) |
| 08/17/2022 | 55 | Consent MOTION for Extension of Time to *to answer or otherwise respond to Plaintiff's Complaint* by AHMED AL−SHRAWL, CORY NOVICK, CARLOS TEJERA. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Wiley, James) (Entered: 08/17/2022) |
| 08/19/2022 | | MINUTE ORDER granting 50 Motion for Extension of Time: Upon consideration of Defendant Sutton's Consent Motion, and for good cause shown, the Court ORDERS that the Motion is GRANTED. Defendant Sutton must answer or otherwise respond to the complaint by September 16, 2022. Signed by Judge Jia M. Cobb on August 19, 2022. (lcjmc2) (Entered: 08/19/2022) |
| 08/19/2022 | | MINUTE ORDER granting 55 Motion for Extension of Time: Upon consideration of Defendants Al−Shrawi, Novick, and Tejera's Consent Motion, and for good cause shown, the Court ORDERS that the Motion is GRANTED. Defendants must answer or otherwise respond to the complaint by September 16, 2022. Signed by Judge Jia M. Cobb on August 19, 2022. (lcjmc2) (Entered: 08/19/2022) |
| 08/19/2022 | 56 | MOTION for Extension of Time to File Response/Reply as to 45 MOTION to Dismiss by AMAALA JONES−BEY. (Attachments: # 1 Memorandum in Support Supporting Memo & Pts, # 2 Text of Proposed Order Proposed Order)(Shurtz, David) (Entered: 08/19/2022) |
| 08/22/2022 | | MINUTE ORDER granting 56 Motion for Extension of Time to File Response/Reply: Upon consideration of Plaintiff's Motion for Extension of Time, it is ORDERED the Motion is GRANTED. Plaintiff will respond to Defendant's Motion to Dismiss by September 16, 2022, and Defendant's Reply is due by September 23, 2022. Signed by Judge Jia M. Cobb on August 22, 2022. (lcjmc1) (Entered: 08/22/2022) |
| 08/25/2022 | 57 | Amended MOTION for Extension of Time to File Response as to 45 MOTION to Dismiss by AMAALA JONES−BEY. (Attachments: # 1 Text of Proposed Order Proposed Order, # 2 Memorandum in Support Supporting Memorandum)(Shurtz, David) Modified on 8/26/2022 to correct docket text/ add link (zjm). (Entered: 08/25/2022) |
| 08/26/2022 | | MINUTE ORDER granting 57 Motion for Extension of Time: Plaintiff shall have until September 16, 2022 to respond to Defendant District of Columbia's motion to dismiss; Intervenor Hylton shall have until September 30, 2022 to respond to Defendant's motion to dismiss; and Defendant shall have until October 31, 2022 to reply to Plaintiff's and Intervenor Hylton's Responses to Defendant's motion to dismiss. Signed by Judge Jia M. Cobb on August 26, 2022. (lcjmc2) (Entered: 08/26/2022) |
| 09/15/2022 | 58 | MOTION for Extension of Time to File Response/Reply by KAREN HYLTON. (Attachments: # 1 Memorandum in Support Memo, # 2 Text of Proposed Order Text of Proposed Order)(Shurtz, David) (Entered: 09/15/2022) |
| 09/16/2022 | 59 | Consent MOTION for Extension of Time to File Answer re 26 Amended Complaint by TERRENCE SUTTON. (Attachments: # 1 Text of Proposed Order)(Crowley, Daniel) (Entered: 09/16/2022) |
| 09/16/2022 | 60 | |

| | | |
|---|---|---|
| | | MOTION to Dismiss *Plaintiff's Amended Complaint* by AHMED AL−SHRAWI, CORY NOVICK, CARLOS TEJERA. (Seeman, Katrina) (Entered: 09/16/2022) |
| 09/19/2022 | | MINUTE ORDER granting <u>59</u> Consent Motion for Extension of Time to Answer: Upon consideration of Defendant's Consent Motion for Extension of Time, it is ORDERED the Motion is GRANTED. Defendants will respond to Plaintiff's Complaint by September 21, 2022. Signed by Judge Jia M. Cobb on September 19, 2022. (lcjmc1) (Entered: 09/19/2022) |
| 09/21/2022 | <u>61</u> | MOTION to Dismiss *Amended Complaint* by TERRENCE SUTTON. (Attachments: # <u>1</u> Text of Proposed Order)(Crowley, Daniel) (Entered: 09/21/2022) |
| 09/22/2022 | | MINUTE ORDER granting <u>58</u> Motion for Extension of Time to File Response/Reply: Upon consideration of Plaintiff's Motion for Extension of Time, it is ORDERED that the Motion is GRANTED. Plaintiff shall respond to Defendant District of Columbia's Motion to Dismiss by September 26, 2022; Intervenor Hylton shall respond to Defendant's Motion to Dismiss by October 14, 2022; and Defendant District of Columbia shall reply by November 14, 2022. Signed by Judge Jia M. Cobb on September 22, 2022. (lcjmc1) (Entered: 09/22/2022) |
| 09/25/2022 | <u>62</u> | MOTION for Extension of Time to File by AMAALA JONES−BEY. (Attachments: # <u>1</u> Memorandum in Support Supporting Memorandum, # <u>2</u> Text of Proposed Order Proposed Order)(Shurtz, David) (Entered: 09/25/2022) |
| 09/26/2022 | | MINUTE ORDER denying <u>62</u> Motion for Extension of Time: Upon consideration of Plaintiff's Motion for Extension of Time, the Court ORDERS that the Motion is DENIED without prejudice for failure to comply with LCvR 7(m), which instructs counsel to discuss nondispositive motions "with opposing counsel in a good−faith effort" before filing them. Signed by Judge Jia M. Cobb on September 26, 2022. (lcjmc1) (Entered: 09/26/2022) |
| 09/26/2022 | <u>63</u> | Memorandum in opposition to re <u>45</u> Motion to Dismiss filed by AMAALA JONES−BEY. (Attachments: # <u>1</u> Exhibit Indictment Facts Exhibit, # <u>2</u> Exhibit Biker Affidavit List)(Shurtz, David) (Entered: 09/26/2022) |
| 09/28/2022 | <u>64</u> | MOTION for Extension of Time to File Response/Reply as to <u>60</u> MOTION to Dismiss *Plaintiff's Amended Complaint*, <u>61</u> MOTION to Dismiss *Amended Complaint* by AMAALA JONES−BEY. (Attachments: # <u>1</u> Memorandum in Support, # <u>2</u> Text of Proposed Order)(Shurtz, David) (Entered: 09/28/2022) |
| 10/03/2022 | | MINUTE ORDER re <u>64</u> Motion for Extension of Time to File Response/Reply: The Court ORDERS that the Motion is GRANTED. Plaintiff's Response to <u>60</u> Motion to Dismiss by AHMED AL−SHRAWI, CORY NOVICK, CARLOS TEJERA is due by October 20, 2022, and likewise Plaintiff's Response to <u>61</u> Motion to Dismiss by TERRENCE SUTTON is due by October 20, 2022. Intervenor Hylton's Response to these two Motions to Dismiss is due by November 3, 2022. Defendant Terrence Sutton's Reply is due November 17, 2022. Defendants Ahmed Al−Shawl, Cory Novick and Carlos Tejera's Reply is due December 7, 2022. Signed by Judge Jia M. Cobb on October 3, 2022. (lcjmc1) (Entered: 10/03/2022) |
| 10/13/2022 | <u>65</u> | ENTERED IN ERROR.....Memorandum in opposition to re <u>45</u> Motion to Dismiss filed by KAREN HYLTON. (Gerstein, Charles) Modified on 10/14/2022 (zed). (Entered: 10/13/2022) |
| 10/14/2022 | | |

| | | |
|---|---|---|
| | | NOTICE OF ERROR regarding 65 Memorandum in Opposition. The following error(s) need correction: Incorrect court header/case caption/case number. Please refile. (zed) (Entered: 10/14/2022) |
| 10/14/2022 | 66 | Memorandum in opposition to re 45 Motion to Dismiss filed by KAREN HYLTON. (Harrow, Jason) (Entered: 10/14/2022) |
| 10/20/2022 | 67 | Memorandum in opposition to re 60 Motion to Dismiss filed by AMAALA JONES−BEY. (Shurtz, David) (Entered: 10/20/2022) |
| 10/21/2022 | 68 | Memorandum in opposition to re 60 Motion to Dismiss filed by AMAALA JONES−BEY. (Shurtz, David) (Entered: 10/21/2022) |
| 11/03/2022 | 69 | RESPONSE re 60 MOTION to Dismiss *Plaintiff's Amended Complaint*, 61 MOTION to Dismiss *Amended Complaint* filed by KAREN HYLTON. (Gerstein, Charles) (Entered: 11/03/2022) |
| 11/14/2022 | 70 | Consent MOTION for Extension of Time to File Response/Reply as to 45 MOTION to Dismiss by DISTRICT OF COLUMBIA. (Seeman, Katrina) (Entered: 11/14/2022) |
| 11/14/2022 | | MINUTE ORDER granting 70 Consent Motion for Extension of Time to File Reply: Upon consideration of Defendant's Motion, the Court hereby ORDERS that the Motion is GRANTED. Defendant's Reply is due by November 18, 2022. Signed by Judge Jia M. Cobb on November 14, 2022. (lcjmc1) (Entered: 11/14/2022) |
| 11/16/2022 | 71 | Consent MOTION for Extension of Time to File Response/Reply as to 61 MOTION to Dismiss *Amended Complaint* by TERRENCE SUTTON. (Attachments: # 1 Text of Proposed Order)(Crowley, Daniel) (Entered: 11/16/2022) |
| 11/16/2022 | | MINUTE ORDER granting 71 Consent Motion for Extension of Time to File Reply: Upon consideration of the Defendant Sutton's Motion, the Court hereby ORDERS that the Motion is GRANTED. Defendant Sutton's Reply is due on December 2, 2022. Signed by Judge Jia M. Cobb on November 16, 2022. (lcjmc1) (Entered: 11/16/2022) |
| 11/18/2022 | 72 | REPLY to opposition to motion re 45 MOTION to Dismiss filed by DISTRICT OF COLUMBIA. (Seeman, Katrina) (Entered: 11/18/2022) |
| 12/02/2022 | 73 | REPLY to opposition to motion re 61 MOTION to Dismiss *Amended Complaint* filed by TERRENCE SUTTON. (Crowley, Daniel) (Entered: 12/02/2022) |
| 12/07/2022 | 74 | REPLY to opposition to motion re 60 MOTION to Dismiss *Plaintiff's Amended Complaint* filed by AHMED AL−SHRAWI, CORY NOVICK, CARLOS TEJERA. (Seeman, Katrina) (Entered: 12/07/2022) |
| 12/22/2022 | 75 | NOTICE *of Conviction of Defendants Terrence Sutton and Andrew Zabavsky* by KAREN HYLTON (Gerstein, Charles) (Entered: 12/22/2022) |
| 01/13/2023 | 76 | NOTICE OF WITHDRAWAL OF APPEARANCE as to AHMED AL−SHRAWI, DISTRICT OF COLUMBIA, CORY NOVICK, TERRENCE SUTTON, CARLOS TEJERA, ANDREW ZABAVSKY. Attorney James Arland Wiley terminated. (Wiley, James) (Entered: 01/13/2023) |
| 12/15/2023 | 77 | MOTION for Hearing *Under Rule 16 and Notice of Pendency of Motion to Dismiss* by KAREN HYLTON. (Gerstein, Charles) (Entered: 12/15/2023) |
| 12/18/2023 | 78 | STRIKEN PURSUANT TO THE MINUTE ORDER ENTERED ON 12/20/23.....RESPONSE re 77 MOTION for Hearing *Under Rule 16 and Notice of* |

| | | |
|---|---|---|
| | | *Pendency of Motion to Dismiss Plaintiff−Amaala Jones Bey, PR* filed by AMAALA JONES−BEY. (Attachments: # 1 Exhibit)(Shurtz, David) Modified on 12/29/2023, to strike. (zgf). (Entered: 12/18/2023) |
| 12/20/2023 | | MINUTE ORDER re 78 Response to Hylton's Motion for Hearing: Counsel for Ms. Jones−Bay informed the Court that her Response to Hylton's Motion for Hearing was improperly filed. Accordingly, it is ORDERED that the Response, ECF 78, is stricken. Signed by Judge Jia M. Cobb on December 20, 2023. (lcjmc1) (Entered: 12/20/2023) |
| 02/13/2024 | 79 | MOTION for Scheduling Order , MOTION to Compel *Discovery Conference* by KAREN HYLTON. (Gerstein, Charles) (Entered: 02/13/2024) |
| 02/13/2024 | | MINUTE ORDER: The Court hereby ORDERS that the Parties shall appear for a status conference to discuss case scheduling on February 21, 2024 at 1:00 P.M. The status conference will be on the record before Judge Jia M. Cobb and conducted via video. The Court's Deputy Clerk will provide the information necessary to access the hearing. Signed by Judge Jia M. Cobb on February 13, 2024. (lcjmc1) (Entered: 02/13/2024) |
| 02/18/2024 | 80 | MOTION to Continue *Status Hearing* by TERRENCE SUTTON. (Attachments: # 1 Text of Proposed Order)(Crowley, Daniel) (Entered: 02/18/2024) |
| 02/20/2024 | 81 | RESPONSE re 79 MOTION for Scheduling Order MOTION to Compel *Discovery Conference* filed by AMAALA JONES−BEY. (Shurtz, David) (Entered: 02/20/2024) |
| 02/20/2024 | | MINUTE ORDER granting 80 Defendant Sutton's Motion to Continue: Upon reviewing Mr. Sutton's motion, the Court finds good cause for the requested continuance and ORDERS that the motion is GRANTED. The Court further ORDERS that the Parties shall confer and contact Chambers with a new proposed date for the status conference. Signed by Judge Jia M. Cobb on February 20, 2024. (lcjmc1) (Entered: 02/20/2024) |
| 02/21/2024 | | MINUTE ORDER: The Court hereby ORDERS that the Parties shall appear for a status conference on February 29, 2024 at 10:30 A.M. The status conference will be on the record before Judge Jia M. Cobb and conducted via video. The Court's Deputy Clerk will provide the information necessary to access the hearing. Signed by Judge Jia M. Cobb on February 21, 2024. (lcjmc1) (Entered: 02/21/2024) |
| 02/27/2024 | 82 | Memorandum in opposition to re 79 Motion for Scheduling Order, Motion to Compel filed by AHMED AL−SHRAWI, DISTRICT OF COLUMBIA, CORY NOVICK, CARLOS TEJERA. (Attachments: # 1 Exhibit A, Hearing Transcript)(Seeman, Katrina) (Entered: 02/27/2024) |
| 02/27/2024 | 83 | Cross MOTION to Stay re 79 MOTION for Scheduling Order MOTION to Compel *Discovery Conference*, 82 Memorandum in Opposition by AHMED AL−SHRAWI, DISTRICT OF COLUMBIA, CORY NOVICK, CARLOS TEJERA. (Attachments: # 1 Exhibit A, Hearing Transcript)(Seeman, Katrina) (Entered: 02/27/2024) |
| 02/27/2024 | 84 | Memorandum in opposition to re 79 Motion for Scheduling Order, Motion to Compel filed by TERRENCE SUTTON. (Attachments: # 1 Text of Proposed Order)(Crowley, Daniel) (Entered: 02/27/2024) |
| 02/29/2024 | | Minute Entry for proceedings held before Judge Jia M. Cobb: Status Conference held on 2/29/2024. (Court Reporter Stacy Johns) (zdrf) (Entered: 02/29/2024) |

| 02/29/2024 | 85 | MOTION for Order *for Alternative or Date−Certain Service* by KAREN HYLTON. (Attachments: # 1 Text of Proposed Order Granting Alternative Service, # 2 Text of Proposed Order Directing Marshal Service)(Harrow, Jason) (Entered: 02/29/2024) |
|---|---|---|
| 02/29/2024 | 86 | ORDER granting 85 Plaintiff−Intervenor's Motion for Order for Alternative or Date−Certain Service: See document for details. The United States Marshal for the District of Columbia shall effect service on Defendant Andrew Zabavsky and file proof of service by no later than March 15, 2024. Signed by Judge Jia M. Cobb on February 29, 2024. (lcjmc1) (Entered: 02/29/2024) |
| 03/01/2024 |  | MINUTE ORDER denying as moot 77 , 79 Plaintiff−Intervenor's Motions for a Scheduling Order: During the status conference on February 29, 2024, the Parties agreed that a scheduling order should issue after service is completed for all Defendants. Accordingly, the Court hereby ORDERS that Plaintiff−Intervenor's motions are denied without prejudice as moot. Signed by Judge Jia M. Cobb on March 1, 2024. (lcjmc1) (Entered: 03/01/2024) |
| 03/05/2024 | 87 | Second MOTION for Order *Granting motion for alternative or Marshal service on Andrew Zabavsky* by KAREN HYLTON. (Attachments: # 1 Text of Proposed Order Granting motion for alternative service, # 2 Text of Proposed Order Granting motion for Marshal service)(Gerstein, Charles) (Entered: 03/05/2024) |
| 03/08/2024 |  | MINUTE ORDER: The Court hereby ORDERS that there shall be a status conference to discuss Plaintiff−Intervenor Hylton's motion for alternative service, ECF 87, on March 11, 2024, at 1 P.M. The hearing shall be on the record and held by video conference before Judge Jia M. Cobb. The Court's Deputy Clerk will provide the information necessary to access the hearing. Signed by Judge Jia M. Cobb on March 8, 2024. (lcjmc1) (Entered: 03/08/2024) |
| 03/11/2024 |  | Minute Entry for proceedings held before Judge Jia M. Cobb: Status Conference held on 3/11/2024. (Court Reporter Stacy Johns) (zdrf) (Entered: 03/11/2024) |
| 03/21/2024 |  | MINUTE ORDER granting 87 Plaintiff−Intervenor's Second Motion for Order Granting Alternative Service on Defendant Andrew Zabavsky: In light of Plaintiff−Intervenor's Motion, the Court ORDERS the Pretrial Services Agency to provide Andrew Zabavsky's address to the U.S. Marshals Service, so that the Marshals can effect service on Defendant Zabavsky. To be clear, the Court does not authorize alternative service on Mr. Zabavsky's criminal defense attorney, who does not appear to represent Mr. Zabavsky in this action. The Court will provide a copy of this Order to the U.S. Marshals Service to obtain the address from the Pretrial Services Agency. Signed by Judge Jia M. Cobb on March 21, 2024. (lcjmc1) (Entered: 03/21/2024) |
| 03/21/2024 |  | MINUTE ORDER: The Court previously extended the deadline for service of Defendant Andrew Zabavsky to March 15, 2024, finding good cause in light of Plaintiff and Plaintiff−Intervenor's difficulty obtaining a service address for Defendant. *See* ECF 86. The Court has granted Plaintiff−Intervenor's request for alternative service to permit the U.S. Marshals Service to obtain Defendant's address from the Pretrial Services Agency. *See* 3/21/2024 Min. Order. However, since the previously−ordered service deadline has expired, and pursuant to Rule 4(m), Plaintiff−Intervenor is ORDERED by March 28, 2024, to seek any further extension of the service deadline and provide a revised, proposed order for the Court to sign directing the U.S. Marshals Service to effect service on Defendant once it has received Defendant's address. The proposed order shall make clear that any return of |

| | | |
|---|---|---|
| | | service be provided to Plaintiff or Plaintiff−Intervenor's attorneys of record in this action only, who will keep such information as "attorneys eyes only"−−meaning that the dissemination of such information is limited to attorneys of record in this action only and shall not be filed on the public docket. Signed by Judge Jia M. Cobb on March 21, 2024. (lcjmc1) (Entered: 03/21/2024) |
| 03/21/2024 | 88 | MOTION for Extension of Time to *Effect Service of Defendant Andrew Zabavsky* by KAREN HYLTON. (Attachments: # 1 Text of Proposed Order)(Gerstein, Charles) (Entered: 03/21/2024) |
| 03/22/2024 | | MINUTE ORDER granting 88 Motion for Extension of Time to Effect Service: Upon consideration of the motion, and finding good cause shown, the Court hereby GRANTS Plaintiff−Intervenor Karen Hylton's motion for an extension of time to effect service on Defendant Andrew Zabavsy and extends Hylton and Plaintiff Amaala Jones−Bey's deadline to serve Zabavsky to May 20, 2024. Additionally, the Court GRANTS Hylton's motion for a further order that the United States Marshal for the District of Columbia be directed to effect service on Zabavsky. The Marshal is hereby ORDERED to effect service on Zabavsky expeditiously after receiving his residential address. The Marshal is further ORDERED to provide proof of service to Hylton's counsel, Charles Gerstein, and Jones−Bey's counsel, David Shurtz (by email at charlie@gerstein−harrow.com and dshurtz103@gmail.com), who are hereby ORDERED to keep proof of service confidential on an attorneys−eyes−only basis. Signed by Judge Jia M. Cobb on March 22, 2024. (lcjmc1) (Entered: 03/22/2024) |
| 03/22/2024 | 89 | ORDER: The Court dockets the attached order pursuant to its March 22, 2024 minute order. Signed by Judge Jia M. Cobb on March 22, 2024. (lcjmc1) (Entered: 03/22/2024) |
| 04/15/2024 | 90 | NOTICE of Change of Address by Daniel S. Crowley (Crowley, Daniel) (Entered: 04/15/2024) |
| 05/02/2024 | 91 | NOTICE OF SUBSTITUTION OF COUNSEL by Elise Levy on behalf of AHMED AL−SHRAWI, DISTRICT OF COLUMBIA, CORY NOVICK, CARLOS TEJERA Substituting for attorney Robert A. DeBerardinis, Jr. (Levy, Elise) (Entered: 05/02/2024) |
| 05/10/2024 | 92 | Second MOTION for Scheduling Order *and Conference* by KAREN HYLTON. (Harrow, Jason) (Entered: 05/10/2024) |
| 05/13/2024 | | MINUTE ORDER: The Court directs the Parties to appear for a status conference on May 21, 2024, at 10:00 AM. The conference will be on the record and conducted via Zoom. The Court's Deputy Clerk will provide the information necessary to access the hearing. Signed by Judge Jia M. Cobb on May 13, 2024. (lcjmc1) (Entered: 05/13/2024) |
| 05/21/2024 | | Minute Entry for Status Conference held before Judge Jia M. Cobb on 5/21/2024. Status Conference set for 7/9/2024 at 11:30 AM to be heard via Zoom before Judge Jia M. Cobb. Order forthcoming from Chambers. (Court Reporter Timothy Miller) (zakb) (Entered: 05/21/2024) |
| 05/21/2024 | | MINUTE ORDER: setting Initial Scheduling Conference for July 9, 2024, at 11:30 A.M. before Judge Jia M. Cobb. The conference will be on the record and conducted via Zoom. The Court's Deputy Clerk will provide the information necessary to access the conference. The Parties shall file a joint report pursuant to Local Civil Rule 16.3(d) and Federal Rule of Civil Procedure 26(f)(2) by July 2, 2024. Signed by Judge |

| | | |
|---|---|---|
| | | Jia M. Cobb on May 21, 2024. (lcjmc3) (Entered: 05/21/2024) |
| 05/22/2024 | 93 | ORDER DIRECTING PRETRIAL SERVICES AGENCY TO APPEAR FOR HEARING: See document for details. The Court shall provide the relevant parties with a copy of the order. Signed by Judge Jia M. Cobb on May 22, 2024. (lcjmc1) (Entered: 05/22/2024) |
| 05/23/2024 | | MINUTE ORDER VACATING HEARING: The U.S. Marshals Service has informed the Court that the Pretrial Services Agency has provided the Marshals with Defendant Zabavsky's address. Accordingly, it is ORDERED that the hearing set for May 28, 2024, at 1:00 P.M. is VACATED. Consistent with the Court's prior order, any proof of service shall be filed under seal on an attorneys−eyes−only basis. *See* Min. Order (Mar. 21, 2024); Min. Order (Mar. 22, 2024). Signed by Judge Jia M. Cobb on May 23, 2024. (lcjmc1). (Entered: 05/23/2024) |
| 05/23/2024 | | MINUTE ORDER: The most recent deadline for serving Defendant Andrew Zabavsky was May 20, 2024. *See* Min. Order (Mar. 22, 2024). The Court held a hearing in this matter on May 21, 2024. At that hearing, Plaintiff and Plaintiff−Intervenor established good cause for failure to serve Defendant Zabavsky by the deadline——namely, that the Pretrial Services Agency had failed to comply with the Court's order requiring it to provide Defendant's address to the U.S. Marshals Service to effect service. That issue has since been resolved. *See* Min. Order (May 23, 2024). Accordingly, and for good cause shown, the Court extends the deadline to serve Defendant Zabavsky until July 2, 2024. If Plaintiff and Plaintiff−Intervenor fail to serve Defendant Zabavsky by that date, or fail to file a motion seeking an extension, the Court will dismiss Defendant Zabavsky from this action without prejudice. Signed by Judge Jia M. Cobb on May 23, 2024. (lcjmc1) (Entered: 05/23/2024) |
| 05/23/2024 | | SUMMONS (1) REISSUED as to ANDREW ZABAVSKY sent to U.S. Marshals Service (zsl) (Entered: 05/23/2024) |
| 05/31/2024 | 94 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ANDREW ZABAVSKY served on 5/29/2024, answer due 6/19/2024 (zdp) (Entered: 05/31/2024) |
| 06/13/2024 | 95 | MOTION for Partial Summary Judgment by KAREN HYLTON. (Attachments: # 1 Statement of Facts)(Gerstein, Charles) (Entered: 06/13/2024) |
| 06/14/2024 | 96 | MOTION to Vacate *26(f) Conference* by TERRENCE SUTTON. (Attachments: # 1 Text of Proposed Order)(Crowley, Daniel) (Entered: 06/14/2024) |
| 06/14/2024 | 97 | RESPONSE re 96 MOTION to Vacate *26(f) Conference* filed by KAREN HYLTON. (Harrow, Jason) (Entered: 06/14/2024) |
| 06/17/2024 | 98 | NOTICE of Appearance by Christopher A. Zampogna on behalf of ANDREW ZABAVSKY (Zampogna, Christopher) (Entered: 06/17/2024) |
| 06/18/2024 | 99 | MOTION for Extension of Time to *Respond to Complaints* by ANDREW ZABAVSKY. (Zampogna, Christopher) (Entered: 06/18/2024) |
| 06/20/2024 | 100 | MOTION to Hold in Abeyance re 95 MOTION for Partial Summary Judgment by TERRENCE SUTTON. (Attachments: # 1 Text of Proposed Order)(Crowley, Daniel) (Entered: 06/20/2024) |
| 06/25/2024 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER granting <u>99</u> Defendant Zabavsky's Motion for Extension of Time to Respond to Complaints: Defendant Zabavsky requests an extension to August 5, 2024, to respond to Plaintiffs' complaints. The Court finds good cause for the requested extension because Defendant Zabavsky was only recently served, this is his first request for an extension, and there are no objections to his motion. Accordingly, it is ORDERED that the motion is GRANTED. Defendant Zabavsky shall have until August 5, 2024, to respond to the complaints. Signed by Judge Jia M. Cobb on June 25, 2024. (lcjmc1) (Entered: 06/25/2024) |
| 06/25/2024 | | MINUTE ORDER granting in part, denying in part <u>96</u> Motion to Vacate Rule 26(f) Conference; granting <u>100</u> Motion to Hold in Abeyance: The Court hereby GRANTS in part, and DENIES in part, Defendant Sutton's motion to vacate the July 9, 2024, scheduling conference. Because the last defendant in this matter was only recently served and his responses to the complaints are due August 5, 2024, the Court finds good cause for a brief continuance of the scheduling conference so that the conference takes place after the final defendant has responded to the complaints and all Parties can participate in the meet and confer discussions. The Court converts the scheduling conference currently set for July 9, 2024, at 11:30 A.M. to a status conference rather than vacating it in its entirety. At the status conference, the Court will issue its ruling on the pending motions to dismiss. It is further ORDERED that Defendant Sutton's motion to hold Plaintiff Hylton's motion for partial summary judgment in abeyance is GRANTED. Although the Court understands that the motion is opposed, the Court finds good cause for the request and no prejudice to any party. The Court will set a schedule for briefing the partial motion for summary judgment at the upcoming status hearing so that there will not be any significant delay in the Parties' briefing, and the Court considering, the motion.<br><br>It is further ORDERED that the Parties shall appear for a continued scheduling conference on August 15, 2024 at 10:00 A.M. The conference will be on the record and in−person in Courtroom 3 before Judge Jia M. Cobb. The Parties shall file a joint report pursuant to Local Civil Rule 16.3(d) and Federal Rule of Civil Procedure 26(f)(2) by August 12, 2024. In addition to the topics required to be included in the report by the aforementioned rules, the Parties' joint report must also include the Parties' proposed plan to navigate potential Fifth Amendment privilege issues and the Parties' respective positions on any stay of discovery in light of those issues. The Court also expects all counsel to have conferred with their clients about settlement prior to the scheduling conference and to be prepared to represent whether their respective clients agree to participate in mediation. Signed by Judge Jia M. Cobb on June 25, 2024 (lcjmc1). (Entered: 06/25/2024) |
| 06/28/2024 | <u>101</u> | NOTICE OF WITHDRAWAL OF APPEARANCE as to AHMED AL−SHRAWI, DISTRICT OF COLUMBIA, CORY NOVICK, CARLOS TEJERA. Attorney Katrina Marie Seeman terminated. (Seeman, Katrina) (Entered: 06/28/2024) |
| 07/05/2024 | | MINUTE ORDER: It is hereby ORDERED that the status conference set for July 9, 2024, is CONTINUED to July 16, 2024 at 11:30 A.M. The conference will be on the record and conducted via Zoom. The Court's Deputy Clerk will provide the information necessary to access the conference. Signed by Judge Jia M. Cobb on July 5, 2024. (lcjmc1) (Entered: 07/05/2024) |
| 07/13/2024 | <u>102</u> | RESPONSE re <u>95</u> MOTION for Partial Summary Judgment *Z.J.B Plaintiff Response* filed by AMAALA JONES−BEY. (Attachments: # <u>1</u> Affidavit, # <u>2</u> Affidavit, # <u>3</u> Exhibit, # <u>4</u> Declaration)(Shurtz, David) (Entered: 07/13/2024) |

| 07/15/2024 | 103 | NOTICE of Appearance by Abraham Bluestone on behalf of ANDREW ZABAVSKY (Bluestone, Abraham) (Entered: 07/15/2024) |
| 07/16/2024 | | Minute Entry for video proceedings held before Judge Jia M. Cobb: Status Conference held on 7/16/2024. Oral ruling issued granting in part and denying in part 45 Motion to Dismiss, 60 Motion to Dismiss *Plaintiff's Amended Complaint*, and 61 Motion to Dismiss *Amended Complaint*. Responses to Motion for Summary Judgment are due by 9/30/2024. Replies to Motion for Summary Judgment are due by 10/14/2024. Order forthcoming via Chambers. (Court Reporter: Stacy Johns) (zalh) (Entered: 07/16/2024) |
| 07/17/2024 | 104 | NOTICE of Appearance by Katelyn Clarke on behalf of TERRENCE SUTTON (Clarke, Katelyn) (Entered: 07/17/2024) |
| 07/22/2024 | 105 | MEMORANDUM OPINION re 45 Defendant District of Columbia's Motion to Dismiss; 60 Defendants Al−Shrawi, Novick, and Tejera's Motion to Dismiss; and 61 Defendant Sutton's Motion to Dismiss: See document for details. Signed by Judge Jia M. Cobb on July 22, 2024. (lcjmc1) (Entered: 07/22/2024) |
| 07/22/2024 | 106 | ORDER granting in part and denying in part 45 Defendant District of Columbia's Motion to Dismiss; 60 Defendants Al−Shrawi, Novick, and Tejera's Motion to Dismiss; and 61 Defendant Sutton's Motion to Dismiss: See document for details. Signed by Judge Jia M. Cobb on July 22, 2024. (lcjmc1) (Entered: 07/22/2024) |
| 07/22/2024 | | MINUTE ORDER finding as moot 83 Defendant District of Columbia, Al−Shrawi, Novick and Tejera's Cross−Motion to Stay; 92 Plaintiff−Intervenor's Second Motion for Scheduling Order: The Court has resolved Defendants District of Columbia, Al−Shrawi, Novick and Tejera's motions to dismiss, *see* ECF 105, and ordered the Parties to appear for a scheduling conference, *see* Min. Order (June 25, 2024). Accordingly, it is ORDERED that Defendants' motion to stay and Plaintiff−Intervenor's motion to issue a scheduling order are DENIED as MOOT. Signed by Judge Jia M. Cobb on July 22, 2024. (lcjmc1) (Entered: 07/22/2024) |
| 08/05/2024 | 107 | MOTION to Dismiss by ANDREW ZABAVSKY. (Zampogna, Christopher) (Entered: 08/05/2024) |
| 08/05/2024 | 108 | ANSWER to 26 Amended Complaint by AHMED AL−SHRAWI, DISTRICT OF COLUMBIA, CORY NOVICK, CARLOS TEJERA.(Levy, Elise) (Entered: 08/05/2024) |
| 08/05/2024 | 109 | Unopposed MOTION for Extension of Time to File Answer re 26 Amended Complaint by TERRENCE SUTTON. (Crowley, Daniel) (Entered: 08/05/2024) |
| 08/06/2024 | | MINUTE ORDER granting 109 Defendant Sutton's Unopposed Motion for Extension of Time to Answer: It is hereby ORDERED that the motion is GRANTED, and that Defendant Sutton shall have until August 8, 2024, to respond to the second amended complaint. Signed by Judge Jia M. Cobb on August 6, 2024. (lcjmc1) (Entered: 08/06/2024) |
| 08/08/2024 | 110 | ANSWER to 26 Amended Complaint by TERRENCE SUTTON.(Crowley, Daniel) (Entered: 08/08/2024) |
| 08/12/2024 | 111 | MEET AND CONFER STATEMENT. (Harrow, Jason) (Entered: 08/12/2024) |
| 08/12/2024 | 112 | MEET AND CONFER STATEMENT. (Levy, Elise) (Entered: 08/12/2024) |

| 08/13/2024 | 113 | ENTERED IN ERROR.....ERRATA *Regarding Signature on Docket Number 112* by KAREN HYLTON. (Gerstein, Charles) Modified on 8/14/2024 (zdp). (Entered: 08/13/2024) |
|---|---|---|
| 08/14/2024 |  | NOTICE OF ERROR regarding 113 Errata. The following error(s) need correction: Incorrect format (Letter)− correspondence is not permitted (LCvR 5.1(a)). Please refile. (zdp) (Entered: 08/14/2024) |
| 08/14/2024 |  | MINUTE ORDER to Show Cause: Pursuant to Local Civil Rule 84.4(a)(2), Plaintiff−Intervenor should be prepared to explain to the Court at the upcoming scheduling conference why the Court should not refer this case to early mediation, particularly given the apparent willingness of all other Parties to attempt to resolve this matter before expending additional resources on further briefing and discovery. Signed by Judge Jia M. Cobb on August 14, 2024. (lcjmc2) Modified on 8/14/2024 to correct docket text(rj). (Entered: 08/14/2024) |
| 08/14/2024 | 114 | RESPONSE TO ORDER TO SHOW CAUSE re 8/14/2024 Order, , , Order to Show Cause by KAREN HYLTON. (Harrow, Jason) Modified docket text on 8/15/2024 (zdp). (Entered: 08/14/2024) |
| 08/14/2024 | 115 | MOTION to Stay by TERRENCE SUTTON. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Crowley, Daniel) (Entered: 08/14/2024) |
| 08/15/2024 |  | Minute Entry for Initial Scheduling Conference proceeding held on 8/15/2024 before Judge Jia M. Cobb. Oral Order REFERRING CASE for Mediation to Magistrate Judge Harvey. Plaintiffs Summary Judgment motion due by 8/19/2024. Defendants Motion to Strike due by 9/16/2024. Responses due by 9/30/2024. Replies due by 10/7/2024. Oral Arguments on Motions Hearing set for 10/16/2024 at 10:30 AM in Courtroom 3− In Person before Judge Jia M. Cobb. (Court Reporter Stacy Johns.) (zed) (Entered: 08/15/2024) |
| 08/16/2024 |  | MINUTE ORDER denying 115 Motion for a Stay: Defendant's motion for a stay of proceedings is DENIED in part and DENIED as MOOT in part. With respect to Defendant's request to stay briefing on Plaintiff−Intervenor's motion for partial summary judgment, ECF 95, the Court denied Defendant's motion by Oral Order and ordered further briefing on Plaintiff−Intervenor's motion. With respect to Defendant's request to stay discovery, Defendant's motion is moot given the Parties' agreement to stay discovery. Defendant is free to renew his motion at the appropriate time before the Court enters a scheduling order in this case. Signed by Judge Jia M. Cobb on August 16, 2024. (lcjmc1) (Entered: 08/16/2024) |
| 08/16/2024 |  | CASE DIRECTLY REFERRED to Magistrate Judge G. Michael Harvey for Mediation. (znmw) (Entered: 08/16/2024) |
| 08/16/2024 | 116 | RESPONSE re 107 MOTION to Dismiss filed by AMAALA JONES−BEY. (Attachments: # 1 Exhibit, # 2 Exhibit)(Shurtz, David) (Entered: 08/16/2024) |
| 08/19/2024 | 117 | MEDIATION STANDING ORDER. Signed by Magistrate Judge G. Michael Harvey on 8/19/24. (MFB) (Entered: 08/19/2024) |
| 08/19/2024 | 118 | MOTION for Partial Summary Judgment by AMAALA JONES−BEY. (Attachments: # 1 Exhibit, # 2 Exhibit)(Shurtz, David) (Entered: 08/19/2024) |
| 08/19/2024 | 119 | MOTION for Extension of Time to File by AMAALA JONES−BEY. (Attachments: # 1 Text of Proposed Order)(Shurtz, David) (Entered: 08/19/2024) |

| 08/20/2024 | | ORDER granting 119 Motion for Extension: Having considered the motion, and for good cause shown, the Court GRANTS the motion. It is further ORDERED that Plaintiff's motion for partial summary judgment is due by August 24, 2024. Signed by Judge Jia M. Cobb on August 20, 2024. (lcjmc1) (Entered: 08/20/2024) |
|---|---|---|
| 08/20/2024 | 120 | NOTICE OF INTERLOCUTORY APPEAL as to 106 Order on Motion to Dismiss,,,,, 105 Order, by DISTRICT OF COLUMBIA, AHMED AL−SHRAWI, CORY NOVICK, CARLOS TEJERA. Fee Status: No Fee Paid. Parties have been notified. (Levy, Elise) Modified to add filer on 8/22/2024 (znmw). (Entered: 08/20/2024) |
| 08/20/2024 | 121 | NOTICE OF INTERLOCUTORY APPEAL as to 106 Order on Motion to Dismiss,,,,, 105 Order, by TERRENCE SUTTON. Filing fee $ 605, receipt number ADCDC−11104984. Fee Status: Fee Paid. Parties have been notified. (Crowley, Daniel) (Entered: 08/20/2024) |
| 08/21/2024 | 122 | NOTICE of Non−Response by KAREN HYLTON re 118 Motion for Partial Summary Judgment (Gerstein, Charles) (Entered: 08/21/2024) |
| 08/21/2024 | 123 | Consent MOTION for Extension of Time to File Response/Reply as to 107 MOTION to Dismiss by ANDREW ZABAVSKY. (Zampogna, Christopher) (Entered: 08/21/2024) |
| 08/21/2024 | 124 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals docketing fee was not paid because the appeal was filed by the DC government re 120 Notice of Interlocutory Appeal. (zdp) Modified fee status on 8/22/2024 (znmw). (Entered: 08/21/2024) |
| 08/21/2024 | 125 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 121 Notice of Interlocutory Appeal. (zdp) (Entered: 08/21/2024) |
| 08/22/2024 | | Set/Reset Hearings: Settlement Conference set for 11/22/2024 at 10:00 AM in Telephonic/VTC before Magistrate Judge G. Michael Harvey. (MFB) (Entered: 08/22/2024) |
| 08/22/2024 | | MINUTE ORDER granting 123 Motion for Extension: Having considered the motion, and for good cause shown, the Court GRANTS the motion. It is further ORDERED that Defendant ANDREW ZABAVSKY shall submit his reply to Plaintiff's opposition to Defendant's motion to dismiss by September 6, 2024. Signed by Judge Jia M. Cobb on August 22, 2024. (lcjmc1) (Entered: 08/22/2024) |
| 08/23/2024 | | MINUTE ORDER. At the request of the parties, the remote mediation set for November 22, 2024, is RESCHEDULED to November 19, 2024, at 10:00 a.m., in person in Courtroom 6. Settlement Conference set for 11/19/2024 at 10:00 AM in Courtroom 6− In Person before Magistrate Judge G. Michael Harvey. SO ORDERED. Signed by Magistrate Judge G. Michael Harvey on 8/23/24. (MFB) (Entered: 08/23/2024) |
| 08/24/2024 | 126 | MOTION for Summary Judgment by AMAALA JONES−BEY. (Attachments: # 1 Text of Proposed Order, # 2 Statement of Facts, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit)(Shurtz, David) (Entered: 08/24/2024) |
| 08/27/2024 | 127 | MOTION Certify Defendant Sutton's Appeal as Frivolous and Retain Partial Jurisdiction Pending Appeal re 121 Notice of Interlocutory Appeal by KAREN HYLTON. (Gerstein, Charles) (Entered: 08/27/2024) |

| 08/28/2024 | | USCA Case Number 24−7122 for 121 Notice of Interlocutory Appeal filed by TERRENCE SUTTON. (zdp) (Entered: 08/28/2024) |
| 08/28/2024 | | USCA Case Number 24−7123 for 120 Notice of Interlocutory Appeal, filed by CARLOS TEJERA, CORY NOVICK, DISTRICT OF COLUMBIA, AHMED AL−SHRAWI. (zdp) (Entered: 08/28/2024) |
| 09/05/2024 | 128 | MOTION TO CERTIFY APPEAL AS FRIVOLOUS AND RETAIN PARTIAL JURISDICTION by AMAALA JONES−BEY. (Attachments: # 1 Exhibit, # 2 Exhibit)(Shurtz, David) Modified docket text on 9/6/2024 (zdp). (Entered: 09/05/2024) |
| 09/05/2024 | 129 | MOTION for Summary Judgment by AMAALA JONES−BEY. (Attachments: # 1 Supplement Revised MFSJ, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Text of Proposed Order)(Shurtz, David) (Entered: 09/05/2024) |
| 09/06/2024 | 130 | NOTICE of Appearance by Eli Koppel on behalf of AHMED AL−SHRAWI, DISTRICT OF COLUMBIA, CORY NOVICK, CARLOS TEJERA (Koppel, Eli) (Entered: 09/06/2024) |
| 09/06/2024 | 131 | REPLY to opposition to motion re 107 MOTION to Dismiss filed by ANDREW ZABAVSKY. (Zampogna, Christopher) (Entered: 09/06/2024) |
| 09/09/2024 | 132 | MOTION for Extension of Time to File Response/Reply as to 127 MOTION Certify Defendant Sutton's Appeal as Frivolous and Retain Partial Jurisdiction Pending Appeal re 121 Notice of Interlocutory Appeal , 128 MOTION by TERRENCE SUTTON. (Attachments: # 1 Text of Proposed Order)(Crowley, Daniel) (Entered: 09/09/2024) |
| 09/10/2024 | 133 | RESPONSE re 132 MOTION for Extension of Time to File Response/Reply as to 127 MOTION Certify Defendant Sutton's Appeal as Frivolous and Retain Partial Jurisdiction Pending Appeal re 121 Notice of Interlocutory Appeal , 128 MOTION *filed by KAREN HYLTON. (Harrow, Jason) (Entered: 09/10/2024)* |
| 09/10/2024 | | MINUTE ORDER granting 132 Motion for Extension of Time to File Response/Reply as to 127 Plaintiff−Intervenor's Motion to Certify Defendant Sutton's Appeal as Frivolous and Retain Partial Jurisdiction Pending Appeal and 128 Plaintiff's Motion to Certify Defendant Sutton's Appeal as Frivolous and Retain Partial Jurisdiction: Having considered the motion, and for good cause shown, the Court GRANTS the motion. It is further ORDERED that Defendant SUTTON shall respond to 127 Plaintiff−Intervenor's motion, which Plaintiff has joined, 128 , by September 17, 2024. Signed by Judge Jia M. Cobb on September 10, 2024. (lcjmc1) (Entered: 09/10/2024) |
| 09/13/2024 | 134 | MOTION to Clarify *THE COURTS AUGUST 15, 2024 ORDER* by AHMED AL−SHRAWI, DISTRICT OF COLUMBIA, CORY NOVICK, CARLOS TEJERA. (Levy, Elise) (Entered: 09/13/2024) |
| 09/16/2024 | 135 | MOTION to Clarify *THE COURTS JULY 12, 2022 MINUTE ORDER*, MOTION to Strike 95 MOTION for Partial Summary Judgment by AHMED AL−SHRAWI, DISTRICT OF COLUMBIA, CORY NOVICK, CARLOS TEJERA. (Levy, Elise) (Entered: 09/16/2024) |
| 09/16/2024 | | MINUTE ORDER granting in part and denying in part 134 Motion to Clarify: Having considered Defendant DISTRICT OF COLUMBIA's motion for clarification, the Court GRANTS the motion in part and DENIES the motion in part. The Court will |

| | | first consider Defendants' motion to strike Plaintiff's and Plaintiff−Intervenor's pending motions for summary judgment before setting a deadline, if any, for Defendants' response on the merits of the pending motions for summary judgment. The deadline for Defendants' motion to strike is today, September 16, 2024, and there is no deadline at this time for Defendants' response on the merits to Plaintiff's and Plaintiff−Intervenor's summary judgment motions. Signed by Judge Jia M. Cobb on September 16, 2024. (lcjmc1) (Entered: 09/16/2024) |
|---|---|---|
| 09/17/2024 | 136 | Memorandum in opposition to re 127 Motion for Miscellaneous Relief, 128 Motion for Miscellaneous Relief filed by TERRENCE SUTTON. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Text of Proposed Order)(Crowley, Daniel) (Entered: 09/17/2024) |
| 09/23/2024 | 137 | REPLY to opposition to motion re 127 MOTION Certify Defendant Sutton's Appeal as Frivolous and Retain Partial Jurisdiction Pending Appeal re 121 Notice of Interlocutory Appeal filed by KAREN HYLTON. (Gerstein, Charles) (Entered: 09/23/2024) |
| 09/23/2024 | 138 | REPLY to opposition to motion re 128 MOTION filed by AMAALA JONES−BEY. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Shurtz, David) (Entered: 09/23/2024) |
| 09/27/2024 | 139 | RESPONSE re 135 MOTION to Clarify *THE COURTS JULY 12, 2022 MINUTE ORDER* MOTION to Strike 95 MOTION for Partial Summary Judgment filed by KAREN HYLTON. (Gerstein, Charles) (Entered: 09/27/2024) |
| 10/03/2024 | 140 | REPLY to opposition to motion re 135 Motion to Clarify, Motion to Strike filed by AHMED AL−SHRAWI, DISTRICT OF COLUMBIA, CORY NOVICK, CARLOS TEJERA. (Levy, Elise) (Entered: 10/03/2024) |
| 10/03/2024 | 141 | MOTION to Stay *Litigation Pending Appeal* by AHMED AL−SHRAWI, DISTRICT OF COLUMBIA, CORY NOVICK, CARLOS TEJERA. (Koppel, Eli) (Entered: 10/03/2024) |
| 10/04/2024 | 142 | MOTION to Clarify *Scope of October 16 Hearing* by TERRENCE SUTTON. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Crowley, Daniel) (Entered: 10/04/2024) |
| 10/04/2024 | | MINUTE ORDER denying 135 Defendants' Motion for Clarification and to Strike Plaintiff−Intervenor's Motion for Summary Judgment: The Court has not issued an order limiting the scope of Plaintiff−Intervenor's participation in this case and declines to do so at this time. Plaintiff−Intervenor may participate fully as a party in this case, including filing dispositive motions and participating in discovery. The Court will entertain any requests by Defendants to be allowed to file consolidated responses to overlapping motions by Plaintiff and Plaintiff−Intervenor, requests to coordinate depositions and other discovery, or other requests to make the litigation efficient and avoid duplication. But, at this point, the Court will not impose any limitations on Plaintiff−Intervenor's participation and will not strike her filings. Accordingly, the Court DENIES Defendants' motion. Signed by Judge Jia M. Cobb on October 4, 2024. (lcjmc1) (Entered: 10/04/2024) |
| 10/04/2024 | | MINUTE ORDER denying 127 and 128 Motions to Certify Appeal as Frivolous and Retain Partial Jurisdiction Pending Appeal: Plaintiff−Intervenor's and Plaintiff's motions to certify Defendants appeal as frivolous do not meet the high bar for such a certification suggested by *Behrens v. Pelletier*, 516 U.S. 299 (1996), and imposed by other circuits. Although the Court rejected the officers' qualified immunity arguments, |

| | | |
|---|---|---|
| | | it does not agree that they are a "sham" or "so baseless that [they do] not invoke appellate jurisdiction." *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989). Accordingly, this Court DENIES Plaintiff–Intervenor's and Plaintiff's motions and will not further adjudicate Plaintiffs' constitutional claims against the individual officers who have appealed this Court's qualified immunity decision until their appeals are resolved. However, the Court retains jurisdiction over Plaintiffs' negligence claims and constitutional claims against the District of Columbia. The District's responses to Plaintiff's and Plaintiff–Intervenor's motions for summary judgment on those claims will be due 30 days after the Court rules on <u>141</u> Defendants' motion to stay litigation pending appeal. Signed by Judge Jia M. Cobb on October 4, 2024. (lcjmc1) (Entered: 10/04/2024) |
| 10/04/2024 | | MINUTE ORDER vacating hearing and denying as moot <u>142</u> Motion to Clarify: Due to changed circumstances in this case since the Court ordered the motions hearing currently scheduled for October 16, 2024&mdash;namely, the individual officer Defendants' appeals&mdash;and that the Court does not require further argument from the Parties on any matter pending before the Court at this time, the Court hereby VACATES the October 16, 2024, hearing and DENIES as MOOT Defendant Sutton's motion to clarify. The Court reminds the Parties that it retains jurisdiction over Plaintiffs' claims against Defendant District of Columbia and has set a schedule for the District to respond to Plaintiffs' summary judgment motions following resolution of <u>141</u> Defendant's motion to stay litigation pending appeal. Signed by Judge Jia M. Cobb on October 4, 2024. (lcjmc1) (Entered: 10/04/2024) |
| 10/08/2024 | <u>143</u> | Memorandum in opposition to re <u>141</u> Motion to Stay filed by KAREN HYLTON. (Gerstein, Charles) (Entered: 10/08/2024) |
| 10/09/2024 | | MINUTE ORDER. Because of an unforeseen scheduling conflict, the settlement conference currently scheduled in this case for November 19, 2024, is hereby VACATED. The undersigned will reschedule the settlement conference in due course. SO ORDERED. Signed by Magistrate Judge G. Michael Harvey on 10/9/24. (MFB) (Entered: 10/09/2024) |
| 10/09/2024 | | MINUTE ORDER denying <u>141</u> Motion to Stay Litigation Pending Appeal: Defendant District of Columbia moves to stay all litigation against it in this case until the D.C. Circuit's resolution of <u>120</u> an interlocutory appeal filed by three individual Officer Defendants. A court considering a motion for stay pending appeal must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citation and quotation marks omitted). The first two factors are "the most critical." *Id*. Here, regardless of the merits of the Officer Defendants' appeal, the District does not explain why resolution of the qualified immunity issues on appeal by other Defendants should affect its ability to litigate issues that do not implicate qualified immunity. Further, the District does not establish irreparable injury, as Plaintiffs have agreed to stay all discovery (against all Defendants, including the District) pending resolution of their motions for summary judgment. ECF 143 at 6. Meanwhile, delay in litigation of the claims not on appeal would unnecessarily prejudice Plaintiffs and the public interest. Defendant's motion is therefore DENIED.<br><br>It is further ORDERED, consistent with this Court's Minute Order of October 4, 2024, |

| | | |
|---|---|---|
| | | that the District shall respond to Plaintiffs' pending motions for summary judgment on the negligence and constitutional claims against the District by November 8, 2024. Finally, the Parties are reminded of their obligation under LCvR 7(m) to confer in good faith with opposing counsel to identify and narrow the areas of dispute before filing. To be clear, Plaintiff−Intervenor's counsel qualifies as opposing counsel from the District's standpoint. Signed by Judge Jia M. Cobb on October 9, 2024. (lcjmc1) (Entered: 10/09/2024) |
| 10/21/2024 | 144 | NOTICE *ABOUT MEDIATION* by AHMED AL−SHRAWI, DISTRICT OF COLUMBIA, CORY NOVICK, CARLOS TEJERA (Koppel, Eli) (Entered: 10/21/2024) |
| 10/22/2024 | | MINUTE ORDER Setting Status Conference: The Parties are ORDERED to appear on October 31, 2024, at 11:00 AM for a status conference in this matter. The status conference shall be held in Courtroom 3− In Person before Judge Jia M. Cobb. Signed by Judge Jia M. Cobb on October 22, 2024. (lcjmc1) (Entered: 10/22/2024) |
| 10/29/2024 | | MINUTE ORDER clarifying October 22, 2024, Minute Order: The Court has set a status conference for October 31, 2024. To clarify, that status conference will cover only issues related to Plaintiff, Plaintiff−Intervenor, and Defendant District of Columbia. The status conference will not cover anything that pertains to the individual officer Defendants. Accordingly, Defendants Sutton, Tejera, Al−Shrawi, Novick, and Zabavsky and their counsel (except counsel also representing the District) need not attend the status conference. Signed by Judge Jia M. Cobb on October 29, 2024. (lcjmc1) (Entered: 10/29/2024) |
| 10/31/2024 | 145 | MOTION for Summary Judgment by AMAALA JONES−BEY. (Attachments: # 1 Statement of Facts Undisputed Facts, # 2 Text of Proposed Order Order, # 3 Exhibit General Order Eshibit, # 4 Exhibit Kake Biker Death recent, # 5 Exhibit Zabavsky Quoations, # 6 Exhibit General Order 12−31−2021, # 7 Exhibit General Order 7−20−2023, # 8 Exhibit NSSF − Cops withhold data, # 9 Exhibit Director IAD Affidavit, # 10 Exhibit Jarboe driving high 50's)(Shurtz, David) (Entered: 10/31/2024) |
| 10/31/2024 | | MINUTE ORDER denying 126 , 129 , and 145 Plaintiff's Motions for Summary Judgment, denying in part 118 Plaintiff's Motion for Partial Summary Judgment, and setting briefing deadlines: For the reasons provided on the record at the October 31, 2024, status conference, the Court DENIES as premature, without prejudice to refile at the appropriate time after discovery, Plaintiff's motions for summary judgment to the extent they rely upon facts or evidence besides the criminal convictions of Defendants Sutton and Zabavsky. It is further ORDERED that Defendant District of Columbia shall file a consolidated response to 95 Plaintiff−Intervenor's motion for partial summary judgment, as well as 112 and 118 Plaintiff's motions to the extent they seek to join 95 Plaintiff−Intervenor's motion, by November 8, 2024. Plaintiffs shall file their replies to the District's response by November 22, 2024. Signed by Judge Jia M. Cobb on October 31, 2024. (lcjmc1) (Entered: 10/31/2024) |
| 10/31/2024 | | Minute Entry for Status Conference proceeding held on 10/31/2024 before Judge Jia M. Cobb. Parties discussed posture of the case. Meet & Confer due by 11/14/2024. District of Columbia Response to Motion for Summary Judgment due by 11/8/2024. Plaintiffs Reply to Motion for Summary Judgment due by 11/22/2024. Oral arguments Hearing set for 12/20/2024 at 1:00 PM in Courtroom 3− In Person before Judge Jia M. Cobb. Order forthcoming. (Court Reporter Stacy Johns.) (zed) (Entered: 10/31/2024) |

| 11/08/2024 | 146 | MOTION for Extension of Time to *OPPOSE PLAINTIFFS MOTION FOR SUMMARY JUDGMENT* by DISTRICT OF COLUMBIA. (Levy, Elise) (Entered: 11/08/2024) |
|---|---|---|
| 11/08/2024 | 147 | RESPONSE re 95 MOTION for Partial Summary Judgment *(Opposition to Plaintiff−Intervenor's Motion)* filed by DISTRICT OF COLUMBIA, CARLOS TEJERA, AHMED AL−SHRAWI, CORY NOVICK. (Attachments: # 1 Statement of Facts Statement of Genuine Issues, # 2 Affidavit Declaration re 56(d))(Koppel, Eli) (Entered: 11/08/2024) |
| 11/13/2024 | | MINUTE ORDER denying as moot 146 Motion for Extension of Time: The Court's October 31, 2024, Minute Order required Defendant District of Columbia to file a consolidated opposition to the specified motions for summary judgment by November 8, 2024. The District has since filed a response that purports to oppose those motions. *See* ECF 147 at 1 (stating that the District "opposes Plaintiff and Plaintiff−Intervenor's motions for summary judgment"). Accordingly, the Court DENIES as MOOT this motion for extension. Signed by Judge Jia M. Cobb on November 13, 2024. (lcjmc1) (Entered: 11/13/2024) |
| 11/14/2024 | 148 | MEET AND CONFER STATEMENT. (Levy, Elise) (Entered: 11/14/2024) |
| 11/21/2024 | 149 | REPLY to opposition to motion re 95 Motion for Partial Summary Judgment filed by KAREN HYLTON. (Harrow, Jason) (Entered: 11/21/2024) |
| 11/21/2024 | 150 | REPLY to opposition to motion re 118 Motion for Partial Summary Judgment, 95 Motion for Partial Summary Judgment filed by AMAALA JONES−BEY. (Attachments: # 1 Exhibit Support Exhibit, # 2 Exhibit Modification, # 3 Exhibit Completion Exhibit, # 4 Exhibit Knutsen Affidavit, # 5 Exhibit Hon. Friedman Opinion, # 6 Exhibit Zabavsky Quotations, # 7 Exhibit Right to Flee − No CN, # 8 Exhibit Signed Affidavit, # 9 Exhibit Biker Death, # 10 Exhibit Right to Flee, # 11 Exhibit Statement Under Oath, # 12 Exhibit Reggie Ruffiin Statement, # 13 Exhibit Affidavit Under Oath, # 14 Exhibit Statement Under Oath, # 15 Exhibit Statement Under Oath, # 16 Exhibit Statement Under Oath, # 17 Exhibit Statement Under Oath, # 18 Exhibit Statement Under Oath, # 19 Exhibit Statement Under Oath, # 20 Exhibit Statement Under Oath)(Shurtz, David) (Entered: 11/22/2024) |
| 11/22/2024 | 151 | SCHEDULING ORDER: Opening of fact discovery: December 1, 2024. Initial disclosures due by December 23, 2024. Close of fact discovery: June 1, 2025. Opening of expert discovery: June 2, 2025. Close of expert discovery: December 2, 2025. Post−discovery status report due by January 9, 2026. See document for scheduling order and information concerning discovery and case procedures. Signed by Judge Jia M. Cobb on November 22, 2024. (lcjmc1) (Entered: 11/22/2024) |
| 12/20/2024 | | Minute Entry for proceeding held on 12/20/2024 before Judge Jia M. Cobb: Motion Hearing re 145 MOTION for Summary Judgment filed by AMAALA JONES−BEY. Both parties presented their arguments. The court is taking it under advisement. (Court Reporter Stacy Johns.) (zed) (Entered: 12/20/2024) |
| 12/22/2024 | 152 | SUPPLEMENTAL re 118 Motion for Partial Summary Judgment by AMAALA JONES−BEY. (Attachments: # 1 Exhibit Right To Fle, # 2 Exhibit Right To Fee)(Shurtz, David) Modified docket text on 12/30/2024; at the request of chambers (zdp). (Entered: 12/22/2024) |
| 12/23/2024 | 153 | ENTERED IN ERROR.....RULE 26a1 STATEMENT. (Levy, Elise) Modified on 12/27/2024 (zdp). (Entered: 12/23/2024) |

| 12/27/2024 | | NOTICE OF ERROR regarding 153 Rule 26a1 Statement. The following error(s) need correction: Invalid attorney signature− signature on document must match PACER login. Please refile. (zdp) (Entered: 12/27/2024) |
|---|---|---|
| 12/27/2024 | 154 | RULE 26a1 STATEMENT. (Levy, Elise) (Entered: 12/27/2024) |
| 01/06/2025 | 155 | RESPONSE re 152 MOTION to Clarify filed by DISTRICT OF COLUMBIA, CARLOS TEJERA, AHMED AL−SHRAWI, CORY NOVICK. (Levy, Elise) (Entered: 01/06/2025) |
| 01/08/2025 | 156 | NOTICE *Regarding Position on Mediation* by DISTRICT OF COLUMBIA (Koppel, Eli) (Entered: 01/08/2025) |
| 01/24/2025 | 157 | NOTICE by DISTRICT OF COLUMBIA re 118 Motion for Partial Summary Judgment, 102 Response to motion, 95 Motion for Partial Summary Judgment (Attachments: # 1 Exhibit, # 2 Exhibit)(Levy, Elise) (Entered: 01/24/2025) |
| 01/27/2025 | | MINUTE ORDER re 157 NOTICE by DISTRICT OF COLUMBIA: In view of Defendant DISTRICT OF COLUMBIA's notice, Plaintiff and Plaintiff−Intervenor are ORDERED to file, by February 7, 2025, a notice informing the Court whether they are withdrawing their motions for summary judgment in light of the representations in Defendant's notice or providing a response to the arguments in Defendant's notice. Signed by Judge Jia M. Cobb on January 27, 2025. (lcjmc1) (Entered: 01/27/2025) |
| 01/27/2025 | 158 | NOTICE of Appearance by Joseph P. Caleb on behalf of KAREN HYLTON (Caleb, Joseph) (Entered: 01/27/2025) |
| 02/05/2025 | 159 | NOTICE by KAREN HYLTON re Order,, Set Deadlines, (Gerstein, Charles) (Entered: 02/05/2025) |
| 02/05/2025 | | RESOLVED.....NOTICE of Provisional/Government Not Certified Status re 159 NOTICE by KAREN HYLTON re Order,, Set Deadlines, (Gerstein, Charles). Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney−renewal. Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 2/12/2025. (zhcn) Modified on 2/6/2025 (zhcn). (Entered: 02/06/2025) |
| 02/07/2025 | 160 | NOTICE by AMAALA JONES−BEY re Order,, Set Deadlines, (Attachments: # 1 Affidavit John Knutsen Affidavit, # 2 Affidavit Biker Affidavits − Sutton)(Shurtz, David) (Entered: 02/07/2025) |
| 02/07/2025 | | MINUTE ORDER denying as moot 95 Motion for Partial Summary Judgment and denying in part as moot 118 Motion for Partial Summary Judgment: As the Parties have alerted the Court in recent notices, President Trump's recent pardons of Defendants SUTTON and ZABAVSKY raise new, relevant, and potentially dispositive considerations not addressed in the Parties' briefing on these motions. See ECFs 157 , 159 , 160 . The Court therefore DENIES AS MOOT 95 Plaintiff−Intervenor's motion and DENIES AS MOOT the portions of 118 Plaintiff's |

| | | |
|---|---|---|
| | | motion that the Court did not already deny without prejudice in its October 31, 2024 Minute Order. These denials are without prejudice to Plaintiffs filing renewed motions for partial summary judgment on the preclusive effect of SUTTON's or ZABAVSKY's criminal convictions following the D.C. Circuit's decisions on the pending motions to vacate those convictions. Should Plaintiffs refile such renewed motions, those motions shall address the additional factual and legal considerations raised by the President's pardons. Signed by Judge Jia M. Cobb on February 7, 2025. (lcjmc1) (Entered: 02/07/2025) |
| 02/07/2025 | | MINUTE ORDER re 160 NOTICE by AMAALA JONES−BEY: For the avoidance of doubt, the Court notes that Plaintiff JONES−BEY's notice is not styled as a motion, and the Court does not construe it as a motion. Accordingly, the Court hereby ORDERS that Defendants need not respond to Plaintiff's notice. Signed by Judge Jia M. Cobb on February 7, 2025. (lcjmc1) (Entered: 02/07/2025) |
| 02/07/2025 | 161 | ORDER granting in part and denying in part 107 Motion to Dismiss: See document for details. Signed by Judge Jia M. Cobb on February 7, 2025. (lcjmc1) (Entered: 02/07/2025) |
| 02/07/2025 | 162 | MEMORANDUM OPINION re 107 Motion to Dismiss: See document for details. Signed by Judge Jia M. Cobb on February 7, 2025. (lcjmc1) (Entered: 02/07/2025) |
| 02/19/2025 | 163 | TRANSCRIPT OF PROCEEDINGS before Judge Jia M. Cobb held on August 15, 2024. Page Numbers: 1−43. Date of Issuance: February 19, 2025. Court Reporter: Stacy Johns. Email address: Stacy_Johns@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 3/12/2025. Redacted Transcript Deadline set for 3/22/2025. Release of Transcript Restriction set for 5/20/2025.(Johns, Stacy) (Entered: 02/19/2025) |
| 02/27/2025 | 164 | NOTICE OF INTERLOCUTORY APPEAL as to 161 Order on Motion to Dismiss by ANDREW ZABAVSKY. Filing fee $ 605, receipt number BDCDC−11507618. Fee Status: Fee Paid. Parties have been notified. (Zampogna, Christopher) (Entered: 02/27/2025) |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMAALA JONES-BEY                )
                                )
v.                              )        Case No.  1:21-cv-2674-JMC
                                )
DISTRICT OF COLUMBIA, ET AL     )
                                )
        *Defendants*            )

### DEFENDANT ANDREW ZABAVSKY'S NOTICE OF APPEAL

Please take notice that Defendant Andrew Zabavsky hereby appeals to the

U.S. Court of Appeals for the District of Columbia Circuit this Court's February 7,

2025 Order partially denying his Motion to Dismiss [ECF Nos. 161, 162].


Dated: February 27, 2025          Respectfully Submitted,

                                  */s/ Christopher Zampogna*
                                  Christopher Zampogna
                                  Bar No. 449851
                                  Zampogna, P.C.
                                  2101 L St NW, Ste 300
                                  Washington, DC 20037
                                  (202)223-6635 ext. 101
                                  caz@zampognalaw.com


                                  */s/ Abraham Bluestone*
                                  Abraham Bluestone
                                  Bar No. 1780408
                                  Zampogna, P.C.
                                  2101 L St NW, Ste 300
                                  Washington, DC 20037
                                  (202)223-6635 ext. 102
                                  ab@zampognalaw.com


                                  *Counsel for Andrew Zabavsky*

1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

AMAALA JONES-BEY, *et al.*,

        Plaintiffs,

        v.

DISTRICT OF COLUMBIA, *et al.*,

        Defendants.

Case No. 21-cv-02674 (JMC)

## ORDER

For the reasons stated in the accompanying memorandum opinion, it is hereby **ORDERED** that Defendant Zabavsky's motion to dismiss, ECF 107, is **GRANTED** in part and **DENIED** in part. Zabavsky's motion is **GRANTED** with respect to the following claims against him: Plaintiff Jones-Bey's Fourth Amendment claim (pursuant to 42 U.S.C. § 1983) and claims for battery, assault, negligence per se (including "statutory battery"), negligent infliction of emotional distress, intentional infliction of emotional distress, and negligent hiring, as well as all of Plaintiff-Intervenor Hylton's claims. The motion is **DENIED** with respect to Plaintiff Jones-Bey's Fifth Amendment claim (pursuant to 42 U.S.C. § 1983).

    **SO ORDERED.**

                                      _____
                                      JIA M. COBB
                                      United States District Judge

Date: February 7, 2025

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMAALA JONES-BEY, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 21-cv-02674 (JMC) |
| DISTRICT OF COLUMBIA, *et al.*, | |
| Defendants. | |

## <u>MEMORANDUM OPINION</u>

This suit arises from a police chase by Metropolitan Police Department (MPD) officers that resulted in the death of Karon Hylton-Brown, a 20-year-old man who had borrowed his friend's moped to search for his lost keys and whom the officers chased at high speeds through D.C. streets in violation of MPD's written policies. The chase ended in tragedy when Hylton-Brown exited an alley as the MPD officers pursued him and was fatally struck by a civilian-driven SUV. Two of the officers involved in the chase—MPD Lieutenant Andrew Zabavsky and MPD officer Terence Sutton—were convicted of obstruction of justice and conspiracy to obstruct justice due to their conduct following the crash, and Sutton was also convicted of second-degree murder of Hylton-Brown. Alongside that prosecution, Plaintiffs Amaala Jones-Bey, the representative of Hylton-Brown's estate and mother of his minor child, and Karen Hylton, Hylton-Brown's mother, commenced this civil suit against Defendants Zabavsky, Sutton, three other officers involved in the chase, and the District of Columbia.

1

Although President Trump later issued a full and unconditional pardon of Zabavsky and Sutton for these crimes,[1] Plaintiffs' civil suit continues. The Court has already allowed some of Plaintiffs' claims to proceed past a motion to dismiss by Defendants Sutton, Carlos Tejera, Ahmed Al-Shrawi, Cory Novick, and the District; the individual Defendants have appealed that decision on qualified immunity grounds. *See* ECF 106; ECF 120; ECF 121.[2] In the meantime, Zabavsky moves to dismiss Plaintiffs' claims against him. ECF 107. Jones-Bey opposes. ECF 116. On the same grounds as the Court's prior ruling on the other Defendants' motions to dismiss, the Court will **GRANT** in part and **DENY** in part Zabavsky's motion to dismiss Jones-Bey's claims. And because Hylton has not responded to Zabavsky's motion, the Court will **GRANT** Zabavsky's motion to dismiss Hylton's claims as conceded.

## I.    BACKGROUND

The Court outlined the alleged facts in this case in its order on the other five Defendants' motions to dismiss. *See* ECF 105 at 3–7. Here, the Court merely highlights allegations pertinent to Jones-Bey's claims against Zabavsky, as set forth in her amended complaint and documents it incorporates by reference. *See* ECF 26.

On the night of October 23, 2020, two MPD police cars approached Hylton-Brown as he rode a moped on the sidewalk along Kennedy Street in Northwest D.C. to look for his lost car keys. ECF 26 ¶¶ 17, 20–35, 48; *United States v. Sutton*, 21-cr-598 (PLF), ECF 1 ¶ 10 (D.D.C. Sept. 23, 2021) ("Indictment") (criminal indictment against Zabavsky and Sutton); *see also* ECF

---

[1] *See* White House, Executive Grant of Clemency for Andrew Zabavsky (Jan. 22, 2025), https://perma.cc/RMZ6-ZB3U; White House, Executive Grant of Clemency for Terence Sutton (Jan. 22, 2025), https://perma.cc/92ZT-47SC.
[2] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

26 ¶ 115 (incorporating by reference the Indictment).[3] Sutton drove one of the police cars, and

Tejera, Al-Shrawi, and Novick were passengers in that car. ECF 26 ¶ 48. Zabavsky drove the other

police car. *Id.*; Indictment ¶ 10. Zabavsky, a lieutenant, supervised Sutton and "was responsible

for ensuring that officers under his supervision complied with MPD policies and procedures."

Indictment ¶ 7; *see also* ECF 116 at 6–7; ECF 26 ¶ 268. Among its policies and procedures, MPD

prohibits police vehicle pursuits "for the purpose of affecting a stop for a traffic violation."

Indictment ¶ 8 (citing MPD General Order No. 301.03); *see also* ECF 26 ¶ 10; ECF 116 at 12.

When Sutton's and Zabavsky's cars approached Hylton-Brown, Sutton called out, "Hey,

Karon," and Hylton-Brown responded, "What do you want?" ECF 26 ¶¶ 31–32. Sutton did not

respond, and Hylton-Brown started to drive away on his moped. *Id.* ¶¶ 33–34. At that point, Sutton

and Zabavsky both activated their emergency lights and started chasing him. Indictment ¶ 10.

Purportedly, the officers chased Hylton-Brown because he was riding a moped on the sidewalk

and was riding without a helmet, both of which are "municipal traffic violations." *Id.* Jones-Bey

alleges that they chased Hylton-Brown as a "joyride" and that those officers were "known for

targeting, terrorizing and brutalizing bikers with their cruisers." ECF 26 ¶ 95; *Id.* ¶ 268 (alleging

Zabavsky's "history of chasing target[ed] bikers with police vehicles"). She also alleges that the

officers, including Zabavsky, chased Hylton-Brown "with the intention of confiscating [his]

property including cash for their own illicit purposes," which she calls a "known pattern and

practice to motorbike riders" like Hylton-Brown. *Id.* ¶ 56.

---

[3] For purposes of deciding this motion to dismiss, the Court considers allegations in the criminal indictment against
Zabavsky and Sutton because Jones-Bey "refer[s] to [the indictment] in [her amended] complaint and [it is] integral
to [her] claim." *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1133 (D.C. Cir. 2015); *see* ECF 26 ¶ 115. And
although the Court at this stage treats the indictment as it would any other document incorporated into a complaint, it
observes that Zabavsky's presidential pardon does not affect the existence or validity of the indictment. *See In re
North*, 62 F.3d 1434, 1437 (D.C. Cir. 1994) ("[A] pardon does not blot out probable cause of guilt or expunge an
indictment.").

The chase lasted more than three minutes through residential streets at speeds that at one point reached 45 miles per hour, more than double the speed limit. Indictment ¶ 11; ECF 26 ¶¶ 17, 226. Initially, Zabavsky followed behind Sutton's car as they chased Hylton-Brown, but Zabavsky overtook Sutton as the primary pursuit vehicle for part of the chase. Indictment ¶ 12. After "several blocks," Zabavsky "separated from the direct pursuit, but drove in a parallel path of travel" so that he could "intercept Hylton-Brown from a different direction." *Id.* During the chase, Sutton and Zabavsky turned off their primary dispatch channel, the one used for coordinating vehicle pursuits, and instead communicated their location updates to one another over a closed police radio channel accessible only to other officers so that Zabavsky's supervisor could not monitor the pursuit. *Id.*; ECF 26 ¶¶ 223, 270. At one point, Zabavsky announced over that radio station, "Seventh and Ingraham. We're chasing Karon on a scooter right now." Indictment ¶ 26(b).

Shortly after Zabavsky pulled away from the pursuit to intercept Hylton-Brown, Sutton "followed Hylton-Brown into an alleyway" and chased him toward the alleyway's exit on Kennedy Street. *Id.* ¶ 13. As soon as Hylton-Brown entered the street, an oncoming civilian-driven SUV struck him and threw him off his moped. *Id.*; ECF 26 ¶ 145. Zabavsky was about half a block down the street facing the crash when it occurred, and he arrived at the scene about 16 seconds after impact. Indictment ¶ 13. Blood pooled around Hylton-Brown's head as he lay motionless and unconscious on the ground. *Id.* ¶ 14. Hylton-Brown died from his injuries five days later. *Id.* ¶ 18.

On September 23, 2021, the United States indicted Sutton on a charge of second-degree murder and indicted both Sutton and Zabavsky for obstruction of justice and conspiracy to obstruct justice. *Id.* ¶ 3. A jury found Zabavsky and Sutton guilty on all counts. *Sutton*, 21-cr-598 (PLF), ECF 426 (D.D.C. Dec. 21, 2022). Yet, while their criminal appeal was pending, President Trump granted them both a "full and unconditional pardon" for those convictions. *See supra* n.1; *United*

*States v. Sutton*, Case No. 24-3131 (D.C. Cir.); *United States v. Zabavsky*, Case No. 24-3142 (D.C. Cir.).

In the instant civil suit, this Court granted in part and denied in part motions to dismiss filed by Sutton, Tejera, Al-Shrawi, Novick, and the District. ECF 106. In addition to allowing a set of claims against the District to proceed to discovery, the Court also denied dismissal as to Plaintiffs' Fifth Amendment claims against those four individual Defendants. *Id.* at 1–2. Meanwhile, the Court dismissed Jones-Bey's claims against those four individual Defendants for violation of the Fourth Amendment, battery, assault, negligence, negligence per se (including "statutory battery"), negligent infliction of emotional distress, and intentional infliction of emotional distress, as well as Hylton's negligence claim. *Id.* Because Plaintiffs served process on Zabavsky later than the other Defendants, Zabavsky did not file his motion to dismiss until after the Court's order on the other Defendants' motions. *See* May 23, 2024 Min. Order; ECF 107.

Plaintiffs bring all the same claims against Zabavsky as they brought against the other four individual Defendants. Jones-Bey alleges that Zabavsky violated the Fourth and Fifth Amendments of the Constitution (pursuant to 42 U.S.C. § 1983) and committed battery, assault, negligence, negligence per se (including "statutory battery"), negligent infliction of emotional distress, and intentional infliction of emotional distress. ECF 26. Hylton alleges a Fifth Amendment (§ 1983) violation and negligence. ECF 32-1. Zabavsky moved to dismiss all of Plaintiffs' claims against him. ECF 107. Jones-Bey opposed, ECF 116, and Zabavsky replied, ECF 131. For her part, Hylton did not oppose Zabavsky's motion and indicated at an August 15, 2024, hearing that she had chosen not to oppose it. *See* Aug. 15, 2024 Hearing Tr. 25:7–26:1 (Hylton's counsel stating that she "do[es]n't intend to respond" to Zabavsky's motion to dismiss and maintaining that position even after a reminder that not responding could result in concession).

## II.     LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has facial plausibility when a plaintiff pleads all the elements of the claim and supports those elements with enough factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Additionally, courts must "assume [the] veracity" of any "well-pleaded factual allegations" in a complaint. *Id.* at 679. When a plaintiff does not respond to a motion to dismiss, the court may treat her claims as conceded. D.D.C. Local Civ. R. 7(b).

## III.    ANALYSIS

As an initial matter, Hylton's claims against Zabavsky are dismissed because Hylton conceded the motion by choosing not to file an opposition. *See* Aug. 15, 2024 Hearing Tr. 25:7–26:1; D.D.C. Local Civ. R. 7(b); *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1295 (D.C. Cir. 2004).

As for Jones-Bey's claims against Zabavsky, the Court's resolution follows straightforwardly from its decision on the other Defendants' motions to dismiss. Jones-Bey's Fourth Amendment and common law claims against Zabavsky share all the same defects as Plaintiffs' allegations against the other four individual Defendants. At the same time, her Fifth Amendment claim survives for the same basic reasons as did Plaintiffs' Fifth Amendment claims against the other Defendants. Indeed, as explained below, Zabavsky's alleged culpability for violating Hylton-Brown's Fifth Amendment due process rights is at least as plausible as that of the other four officers involved, if not more so.

**A. Jones-Bey's Fourth Amendment and Common Law Claims Are Dismissed**

Under the law-of-the-case doctrine, "the *same* issue presented a second time in the *same case* in the *same court* should lead to the *same result.*" *Kimberlin v. Quinlan*, 199 F.3d 496, 500 (D.C. Cir. 1999). Although the doctrine is "not a binding rule" but instead "a principle that guides courts in the exercise of their discretion," *Wye Oak Tech., Inc. v. Republic of Iraq*, 24 F.4th 686, 697 (D.C. Cir. 2022), it upholds the "most basic principle of jurisprudence" that "we must act alike in all cases of like nature," *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996). Accordingly, the Supreme Court advises lower courts generally to abide by the doctrine "in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). Under the law-of-the-case doctrine, a court may apply a previous ruling regarding certain defendants to a subsequent decision regarding different defendants in the same case when the plaintiff "does not present any new [relevant] facts or law" that differentiate the two sets of defendants. *See, e.g.*, *Feirson v. D.C.*, 362 F. Supp. 2d 244, 247 (D.D.C. 2005), *aff'd*, 506 F.3d 1063 (D.C. Cir. 2007).

That doctrine calls for dismissal of Jones-Bey's Fourth Amendment and common law claims against Zabavsky. Start with the Fourth Amendment claim. In its prior ruling, this Court held that Jones-Bey failed to state a claim for unreasonable seizure under the Fourth Amendment because "[t]here is nothing in the complaint from which the Court can infer that the [individual Defendant] officers purposefully orchestrated" the civilian-driven SUV's collision with Hylton-Brown "or had any control over that person or the SUV." ECF 105 at 9. Thus, the Court held, "there was no seizure" of Hylton-Brown. *Id.* In her opposition to Zabavsky's motion here, Jones-Bey points to no facts or law to distinguish Zabavsky's conduct from that of the other individual

7

Defendants on that dispositive point. To the contrary, Jones-Bey's only argument on this point is that "the officers in *Sutton's* unmarked MPD vehicle caused [Hylton-Brown] to be unlawfully seized and killed by a civilian car." ECF 116 at 4 (emphasis added). If those other officers did not seize Hylton-Brown—as this Court has already held—then, by Jones-Bey's own account, Zabavsky certainly did not.

The same goes for Jones-Bey's common law claims. Jones-Bey's negligence and negligence per se claims cannot survive because the D.C. Employee Non-Liability Act bars suits against D.C. employees for injuries "resulting from the operation by such employee of any vehicle" if done within the employee's scope of employment, ECF 105 at 26 (quoting D.C. Code § 2-415), and Zabavsky, like the other individual officer Defendants, was allegedly operating a vehicle "within the scope of [his] employment" during the chase, ECF 26 ¶ 140. Jones-Bey's assault claim fails because, as this Court already found, "Jones-Bey has not sufficiently pled that" Zabavsky, like the other officers, "intended to harm Hylton-Brown physically or to put him in fear of physical harm by chasing him." ECF 105 at 24. And her battery claim fails because, among other things, "she does not allege any contact between [Zabavsky] and Hylton-Brown that satisfies the elements for battery or otherwise point the Court to allegations in her complaint that suffice to state a battery claim." *Id.* at 23. Meanwhile, the Court already found that Jones-Bey's claims for intentional infliction of emotional distress and negligent infliction of emotional distress lack the requisite allegations of a plaintiff's emotional distress—an issue that applies equally to the claims against Zabavsky. *See id.* at 31–32. Appropriately, the Parties agree that, given the Court's prior ruling, all of these claims against Zabavsky must be dismissed. *See* ECF 107 at 2–4; ECF 116 at 2.

8

## B. Jones-Bey's Fifth Amendment Claim Survives

Whereas this Court's prior decision cuts in Zabavsky's favor on the above claims, it counsels in favor of allowing Jones-Bey's Fifth Amendment claim to proceed.

### 1. Jones-Bey States a Fifth Amendment Claim Against Zabavsky

In its prior ruling, this Court held that Jones-Bey's allegations against the other individual Defendants sufficiently stated a Fifth Amendment violation of Hylton-Brown's substantive due process rights because those officers allegedly chased Hylton-Brown with "'intent to harm [him] physically or to worsen [his] legal plight'" and thereby acted with "'an improper or malicious motive.'" ECF 105 at 12 (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 854–55 (1998)). Specifically, Jones-Bey and Hylton both allege that the officers "pursued Hylton-Brown to take money from him" and "also may have thought it would be fun to stop Hylton-Brown to harass him." *Id.* at 3–4, 13 (citing, *inter alia*, ECF 26 ¶¶ 56, 95). This Court held that, "if officers engaged Hylton-Brown in a dangerous car chase, driving him into oncoming traffic and to his death, because they wanted to take money from him, as Plaintiffs allege, their conduct was outrageous and conscience shocking" and thereby violated the Fifth Amendment. *Id.* at 15; *see Lewis*, 523 U.S. at 846 (explaining that an officer's abuse of power violates substantive due process when it "shocks the conscience").

Zabavsky tries to get out from under that holding in two ways, both unavailing. First, he tries to distinguish his conduct during the chase from that of the other individual Defendants. He contends that "Zabavsky was not even a bystander" to the allegedly unconstitutional chase because, unlike Sutton and the other officers who were passengers in Sutton's car, Zabavsky "was blocks away from the incident," "never drove down any alleyways," did not "go the wrong way down a one way street" and was "driving in the opposite direction" from the chase for all but "the

initial few seconds," including at the chase's deadly conclusion. ECF 107 at 6–7. Thus, Zabavsky argues, he does not meet the requirements for bystander liability announced by other circuits and adopted by this court: namely, that the officer "(1) knew that a fellow officer was violating an individual's constitutional rights; (2) had a reasonable opportunity to prevent harm; and (3) chose not to act." *Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 417 (4th Cir. 2014) (cited at ECF 105 at 15); *see* ECF 107 at 6.

Yet Zabavsky's account conflicts with Jones-Bey's allegations and reasonable inferences therefrom. For one thing, as alleged, Zabavsky did not merely engage in the chase for a "few seconds." *See* ECF 107 at 7. Instead, he allegedly helped to initiate the chase, drove right behind Sutton's car for "several blocks" of the chase, and took the lead in the pursuit for about a block. Indictment ¶¶ 10, 12; *see* ECF 26 ¶ 115. For another, Jones-Bey alleges that Zabavsky only separated from the chase so that he could "intercept Hylton-Brown from a different direction." Indictment ¶ 12. That hardly qualifies as "disengage[ing]" from the chase, as Zabavsky frames it, in any relevant sense. ECF 107 at 5; *see* ECF 116 at 21. Further, Jones-Bey alleges that Zabavsky communicated with Sutton's car by closed radio throughout the chase and "regularly announced location updates" over the channel. Indictment ¶ 12; ECF 26 ¶¶ 223. Perhaps most important, Zabavsky was Sutton's supervisor and "was responsible for ensuring that officers under his supervision complied with MPD policies and procedures," including those that the individual Defendants allegedly violated here. Indictment ¶¶ 7–9; ECF 116 at 21–22. At a minimum, those allegations—accepted as true, as this Court must at this stage—establish that Zabavsky knew that Sutton was violating Hylton-Brown's constitutional rights, had a reasonable opportunity to stop him, and chose not to. That states a claim for bystander liability. *See Stevenson*, 743 F.3d at 417; ECF 116 at 15–19.

10

Indeed, the allegations suggest that Zabavsky, like the passenger-officers in Sutton's car, was "much more than [a] mere bystander[]" due to his "affirmative conduct to assist Sutton in his pursuit of Hylton-Brown." ECF 105 at 15. Zabavsky's driving in front of or right behind Sutton for several blocks and then coordinating with Sutton to intercept Hylton-Brown from another direction plainly qualifies as affirmative conduct that assisted Sutton in his pursuit. As Jones-Bey argues, the allegations in Jones-Bey's complaint and incorporated documents plausibly support the claim that the officers, including Zabavsky, acted "in concert." ECF 116 at 7. In short, if the other individual Defendants violated Hylton-Brown's due process rights, as Jones-Bey plausibly alleged, then so did Zabavsky.

Changing tack, Zabavsky's remaining argument against Jones-Bey's Fifth Amendment claim tries to undermine her allegations with contrary evidence. His effort falters. Zabavsky points out that Judge Friedman, who oversaw the criminal trial against Zabavsky and Sutton, decided to exclude from trial evidence of the money found on Hylton-Brown's body because, according to Zabavsky, he found that the officers "did not possess knowledge of that money until after the collision." ECF 107 at 8 (citing Op. and Order, *Sutton*, No. 21-cr-598 (PLF), ECF 530 at 28 (D.D.C. 2024) ("Friedman Order")). Zabavsky asks this Court to take judicial notice of Judge Friedman's decision on the ground that "the Court may take judicial notice of public records at the motion to dismiss stage." ECF 107 at 8 (citing ECF 105 at 5 n.3; *Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005)). To be sure, the D.C. Circuit permits district courts, at their discretion, to take judicial notice of records of another court proceeding at the motion to dismiss stage "when an undisputed fact on the public record makes it clear that the plaintiff does not state a claim upon which relief could be granted." *Covad Commc'ns*, 407 F.3d at 1222.

Zabavsky's problem is that the court record he cites does not "make clear" that Jones-Bey fails to state a claim. For starters, Judge Friedman's finding appears to apply only to Sutton, not Zabavsky. *See* Friedman Order at 28 (finding that the information about the cash "could not have informed Sutton's state of mind during the pursuit"). That makes sense, because Zabavsky was indicted only for his conduct in obstructing justice after the crash, not for the crash itself, and thus his state of mind during the pursuit was not relevant to that trial. *See* Indictment ¶¶ 31–48, 50. But even if this Court were to impute that finding to Zabavsky, it would not resolve the question here. That Zabavsky did not *know* whether Hylton-Brown had cash on him does not necessarily preclude (nor render implausible) an allegation that he may have *suspected* that Hylton-Brown had money on him and chased Hylton-Brown with the purpose of taking any money he may have had—particularly if, as alleged, chasing bikers for money was a "pattern and practice" of Zabavsky and the other officers. ECF 26 ¶ 56. And another court's decision to exclude evidence of knowledge or intent in a criminal proceeding does not necessarily mean this Court would make the same decision in this civil case, were it to go to trial. Further, Zabavsky's argument does not even address his other alleged motive for chasing Hylton-Brown: that he and the other officers saw it as a "joyride" and did it for fun. *Id.* ¶ 95. As this Court has already held, "[a]n officer's intent to steal money from a person is a sufficiently harmful motive to support a due process violation. Initiating dangerous car pursuits for sport is similarly offensive." ECF 105 at 12. So Zabavsky's argument on his knowledge and intent fails to save his motion, and Jones-Bey's Fifth Amendment claim is adequately pled.[4]

---

[4] In reply, Zabavsky argues that Jones-Bey failed to address his judicial-notice argument in her opposition and therefore conceded the argument. ECF 131 at 5–6. But the concession rule is permissive; a district court may choose in its discretion whether or not to enforce it. *See Twelve John Does v. D.C.*, 117 F.3d 571, 577 (D.C. Cir. 1997). And as explained above, even if the Court did accept Zabavsky's argument that the Friedman Order establishes Zabavsky's lack of knowledge as to Hylton-Brown's possession of cash and therefore lacked that motive in chasing him, it would

**2. *Zabavsky Is Not Entitled to Qualified Immunity on Jones-Bey's Fifth Amendment Claim***

Qualified immunity cannot save Zabavsky's motion either. In its decision on the other four individual Defendants, this Court found that "no competent officer would believe that he was free to initiate a high-speed car chase, or affirmatively assist a fellow officer in a dangerous vehicle pursuit, to harass and steal money from a motorist." ECF 105 at 17. Thus, "the due process right at issue was clearly established at the time [those officers] chased Hylton-Brown," and qualified immunity did not protect those other four Defendants. *Id.* Nothing in Jones-Bey's complaint or Zabavsky's motion suggests a different outcome with respect to Zabavsky. And Zabavsky does not argue otherwise with any specificity. *See* ECF 107 at 5 (arguing generally that "Zabavsky is entitled to qualified immunity" but not explaining why or with respect to which claim(s)). Thus, the law of the case dictates that Zabavsky, too, lacks qualified immunity for his violations of Hylton-Brown's Fifth Amendment due process rights.

\*     \*     \*

For the foregoing reasons, Zabavsky's motion to dismiss for failure to state a claim, ECF 107, is **DENIED** as to Jones-Bey's Fifth Amendment claim, **GRANTED** as to the rest of Jones-Bey's claims against Zabavsky, and **GRANTED** as to both of Hylton's claims against Zabavsky. A separate order accompanies this memorandum opinion.

---

not preclude Jones-Bey's allegation that Zabavsky engaged in the chase for sport. The Court also rejects Zabavsky's other concession arguments against Jones-Bey because, for those, Jones-Bey did respond—although Zabavsky would be forgiven for missing Jones-Bey's meritorious responses amid her brief's impermissible inclusion of facts not alleged in or incorporated by reference into her complaint. Jones-Bey's counsel is reminded to stick to the facts properly before the Court, and to address all arguments or risk conceding them, in future motions.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: February 7, 2025